# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 0 2 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

---

**SHARED MEMORY GRAPHICS LLC,**
**an Arkansas corporation,**

                **Plaintiff**

      **v.**                                            **Civil Action No. 09-5128**

**APPLE INC.,**
**a California corporation,**

**NINTENDO OF AMERICA INC.,**
**a Washington corporation,**

**NINTENDO CO. LTD.,**
**a Japan corporation,**

**SONY CORPORATION OF AMERICA,**
**a New York corporation,**

**SONY COMPUTER ENTERTAINMENT AMERICA INC.,**
**a California corporation,**

**SONY CORPORATION,**
**a Japan corporation,**

**SONY COMPUTER ENTERTAINMENT INC.,**
**a Japan corporation,**

**SONY SEMICONDUCTOR KYUSHU CORPORATION, LTD.**
**a Japan corporation,**

                **Defendants.**

---

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shared Memory Graphics LLC files this complaint against Defendants Apple Inc., Nintendo of America Inc., Nintendo Co. Ltd., Sony Corporation of America, Sony Computer Entertainment America Inc., Sony Corporation, Sony Computer Entertainment, Inc. and Sony Semiconductor Kyushu Corporation, Ltd. (collectively "Defendants") and alleges as follows:

## SUBJECT MATTER JURISDICTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*  This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

## PARTIES

2.      Plaintiff Shared Memory Graphics LLC ("Plaintiff") is a corporation organized and existing under the laws of the State of Arkansas and has its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA 92660.

3.      Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California and has its principal place of business at One Infinite Loop, Cupertino, CA 95014.

4.      Apple is a registered foreign for profit corporation in Arkansas and authorized to do business in Arkansas.

5.      Defendant Nintendo of America Inc. is a corporation organized and existing under the laws of the State of Washington and has its principal place of business at 4820 150th Avenue Northeast, Redmond, WA 98052.

6.      Nintendo of America Inc. is authorized to do business in Arkansas.

7.     Defendant Nintendo Co. Ltd. is a foreign corporation organized and existing under the laws of Japan and has its principal place of business at 11-1 Kamitoba Hokotate-Cho, Minami-ku, Kyoto, 601-8501, Japan.

8.     Nintendo of America Inc. and Nintendo Co. Ltd. will be collectively referred to herein as "Nintendo."

9.     Defendant Sony Computer Entertainment America Inc. ("SCEA") is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 919 East Hillsdale Blvd., 2nd Floor, Foster City, CA 94404.

10.    SCEA is a registered foreign for profit corporation in Arkansas and is authorized to do business in Arkansas.

11.    Sony Computer Entertainment Inc. is a foreign corporation organized and existing under the laws of Japan and has its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

12.    Defendant Sony Corporation of America ("SCA") is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 550 Madison Avenue, New York, NY 10022.

13.    SCA is authorized to do business in Arkansas.

14.    Sony Corporation is a foreign corporation organized and existing under the laws of Japan and has its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

15.     Sony Semiconductor Kyushu Corporation, Ltd. is a foreign corporation organized and existing under the laws of Japan and has its principal place of business at Fukuoka Tower, 2-3-26 Momochihama, Fukuoka, 40 814-0001 Japan.

16.     Sony Computer Entertainment America Inc., Sony Computer Entertainment Inc., Sony Corporation of America, Sony Corporation and Sony Semiconductor Corporation, Ltd. will be collectively referred to herein as "Sony."

## PERSONAL JURISDICTION

17.     Defendant Apple regularly conducts business in this judicial district.

18.     Defendant Apple makes, has sold, offers to sell, and continues to sell (directly through its website, www.apple.com/iphone/, and through numerous retailers such as WalMart and AT&T stores) infringing products (including, but not limited to, Apple iPhones and iPod Touches) in this judicial district and/or has purposefully shipped products – which infringe Plaintiff's patent rights – to this judicial district through established distribution channels.

19.     For example, Defendant Apple sells or has sold the infringing products through the WalMart Supercenter Store #144 located at 2875 W. Martin Luther King Jr. Blvd., Fayetteville, Arkansas 72704. *See Exhibit A.*[1]

20.     Furthermore, Defendant Apple, on information and belief, conducts business in this judicial district by selling or having sold the infringing products directly to the WalMart Corporate Office located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

---

[1] Exhibit A consists of: 1) a screenshot of the WalMart Local Ad for the Fayetteville, AR 72704 store; and 2) a copy of the WalMart sales advertisement.

4

21.     Moreover, Defendant Apple induces others to engage in activities that constitute infringement with the intent to cause that infringement in this judicial district and elsewhere in the United States.

22.     Defendant Apple is subject to personal jurisdiction in this judicial district.

23.     Defendant Nintendo regularly conducts business in this judicial district.

24.     Defendant Nintendo makes, imports, has sold, offers to sell, and continues to sell (directly and through numerous retailers, such as WalMart and Best Buy stores) infringing products (including, but not limited to, the Nintendo Wii and Nintendo GameCube gaming systems) in this judicial district and/or has purposefully shipped products – which infringe Plaintiff's patent rights – to this judicial district through established distribution channels.

25.     For example, Defendant Nintendo sells or has sold the infringing products through the WalMart Supercenter Store #144 located at 2875 W. Martin Luther King Jr. Blvd., Fayetteville, Arkansas 72704. *See Exhibit A.*

26.     Furthermore, Defendant Nintendo, on information and belief, conducts business in this judicial district by selling or having sold the infringing products directly to the WalMart Corporate Office located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

27.     Moreover, Defendant Nintendo induces others to engage in activities that constitute infringement with the intent to cause that infringement in this judicial district and elsewhere in the United States.

28.     Defendant Nintendo is subject to personal jurisdiction in this judicial district.

29.     Defendant Sony regularly conducts business in this judicial district.

30.     Defendant Sony makes, imports, has sold, offers to sell, and continues to sell (directly and through numerous retailers, such as WalMart and Best Buy stores) infringing products (including, but not limited to, the PSP and PS2 gaming systems) in this judicial district and/or has purposefully shipped products – which infringe Plaintiff's patent rights – to this judicial district through established distribution channels.

31.     For example, Defendant Sony sells or has sold the infringing products through the WalMart Supercenter Store #144 located at 2875 W. Martin Luther King Jr. Blvd., Fayetteville, Arkansas 72704. *See Exhibit A.*

32.     Furthermore, Defendant Sony, on information and belief, conducts business in this judicial district by selling or having sold the infringing products directly to the WalMart Corporate Office located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

33.     Moreover, Defendant Sony induces others to engage in activities that constitute infringement with the intent to cause that infringement in this judicial district and elsewhere in the United States.

34.     Defendant Sony is subject to personal jurisdiction in this judicial district.

## THE PATENTS-IN-SUIT

35.     On January 27, 1998, U.S. Patent No. 5,712,664 (the "'664 Patent"), entitled "Shared Memory Graphics Accelerator System," was duly and legally issued to Alliance Semiconductor Corporation ("Alliance"). A copy of the '664 Patent is attached as Exhibit B and is made a part of this Complaint.

36.    The '664 Patent relates to a graphics accelerator system that enhances performance by integrating a portion of the frame buffer storage space (i.e., an on-chip frame buffer memory element) and the graphics accelerator on the same chip while at the same time maintaining the flexibility to expand the frame buffer size as needed by additionally incorporating an off-chip frame buffer memory element.  As described in the '664 Patent, the graphics accelerator selectively distributes display data to the on-chip memory element and to the off-chip memory element based on pre-defined display data distribution criteria.

37.    The integrated solution described in the '664 Patent makes it possible for the graphics accelerator to maximize performance by utilizing fast embedded memory in conjunction with off-chip memory without sacrificing the ability to expand the frame buffer size, if desired.

38.    On June 27, 2000, U.S. Patent No. 6,081,279 (the "'279 Patent"), entitled "Shared Memory Graphics Accelerator System," was duly and legally issued to Alliance.  A copy of the '279 Patent is attached as Exhibit C and is made a part of this Complaint.

39.    The '279 Patent is a continuation of the '664 Patent and claims additional embodiments of the shared memory graphics accelerator system described in the Patents-in-Suit.

40.     Alliance, Nasdaq: ALSC, was founded and incorporated in California in 1985 and reincorporated in Delaware in 1993.

41.    Beginning in the 1980s and continuing in the 1990s, Alliance was renowned worldwide for the design and manufacture of fast memory products and graphics accelerator

7

products for the personal computer, networking, telecommunications, and instrumentations industries.

42.     Around the time of filing the '664 Patent in 1993, Alliance had over $22 million dollars in net revenues due to sales of memory and memory-intensive logic products.  At that time, Alliance reported having 44 employees, with SRAM and DRAM memory products accounting for substantially all of its net revenues.

43.     Around the time of filing the '279 Patent in 1997, Alliance had over $82 million dollars in net revenues due to sales of memory and graphics products.  At that time, Alliance reported having 144 employees, with SRAM and DRAM memory products accounting for 88% of net revenues and graphics chipsets accounting for 11% of net revenues.

44.     By 2005, after several years of substantial operating losses, Alliance began a transition from an operating company focused on the semiconductor industry to a holding company.

45.     On June 28, 2007, Alliance sold, assigned, transferred and set over all rights, title, and interest in and to, among other patents, the '664 Patent and the '279 Patent, to Acacia Patent Acquisition Corporation.

46.     On May 12, 2009, Plaintiff was formed as an Arkansas Limited Liability Company.

47.     On May 13, 2009, Acacia assigned, conveyed, transferred and set over all rights, title, and interest in and to, among other patents, the '664 Patent and the '279 Patent to Plaintiff.

48.   Plaintiff is the owner of all right, title and interest in, and has full rights to sue, enforce, and recover damages for all infringements, including damages for all past infringements, of U.S. Patent Nos. 5,712,664 and 6,081,279 (collectively the "Patents-in-Suit").

## CLAIMS FOR RELIEF AGAINST APPLE

49.   Shared Memory Graphics LLC realleges and incorporates herein by reference the allegations stated in paragraphs 1-41 of this Complaint.

50.   Defendant Apple manufactures, uses, sells, has sold, and/or offers to sell a variety of infringing products that contain one or more shared memory systems comprising a central processing unit and an integrated display memory element that includes a graphics accelerator with both on-chip and off-chip frame buffer memory elements ("the Infringing Products"), including, but not limited to, the Apple iPhone and iPod Touch ("Apple Products") in this judicial district and elsewhere in the United States either directly or through purposefully established distribution channels.

51.   For example, at least the graphics accelerator systems of the Apple Products incorporate one or more on-chip frame buffer memory elements as well as one or more off-chip frame buffer memory elements in a manner that infringes one or more claims of each of the Patents-in-Suit.

52.   According to Apple's iPhone Application Programming Guide, "The GPU in the iPhone and iPod touch is a PowerVR MBX Lite."  On information and belief, the graphics accelerator systems that include the PowerVR MBX Lite utilize on-chip frame

buffer memory elements as well as off-chip frame buffer memory elements during the processing of graphical data.

53.    Apple has directly and/or indirectly infringed one or more claims of the '664 patent and one or more claims of the '279 patent.

54.    Apple is continuing such infringements of one or more claims of each Patents-in-Suit by making, using, selling, and/or offering to sell the Infringing Products (including, but not limited to, the Apple Products), and/or directing, instructing, encouraging, and/or intending others to make, use, sell, and/or offer to sell the Infringing Products (and thus actively and knowingly aiding and abetting direct infringement by others).

55.    Shared Memory Graphics LLC has suffered damages as a result of Apple's infringement and will continue to suffer damages as a result of Apple's infringement.

56.    Defendant Apple's infringement of one or more claims of the Patents-in-Suit has caused and will continue to cause irreparable injury to Shared Memory Graphics LLC for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF AGAINST NINTENDO

57.    Shared Memory Graphics LLC realleges and incorporates herein by reference the allegations stated in paragraphs 1-49 of this Complaint.

58.    Defendant Nintendo manufactures, uses, sells, has sold, imports and/or offers to sell a variety of infringing products that contain one or more shared memory systems comprising a central processing unit and an integrated display memory element that includes a graphics accelerator with on-chip and off-chip frame buffer memory elements ("the Infringing Products"), including, but not limited to, the Nintendo Wii and the Nintendo

10

GameCube ("Nintendo Products") in this judicial district and elsewhere in the United States either directly or through purposefully established distribution channels.

59.     For example, at least the graphics accelerator systems of the Nintendo Products incorporate one or more on-chip frame buffer memory elements as well as one or more off-chip frame buffer memory elements in a manner that infringes one or more claims of each of the Patents-in-Suit.

60.     On information and belief, Nintendo's Wii game console uses MoSys embedded (i.e., on-chip) frame buffer memory elements in its NEC graphics processing chips in conjunction with additional off-chip frame buffer memory elements during the processing of graphical data.

61.     On information and belief, Nintendo's GameCube game console uses MoSys embedded frame buffer memory elements in its NEC graphics processing chips in conjunction with additional off-chip frame buffer memory elements during the processing of graphical data.

62.     Nintendo has directly and/or indirectly infringed one or more claims of the '664 patent and one or more claims of the '279 patent.

63.     Nintendo is continuing such infringement of one or more claims of each of the Patents-in-Suit by making, using, selling, importing and/or offering to sell the Infringing Products (including, but not limited to, the Nintendo Products), and/or directing, instructing, encouraging, and/or intending others to make, use, sell, and/or offer to sell the Infringing Products (and thus actively and knowingly aiding and abetting direct infringement by others).

64.     Shared Memory Graphics LLC has suffered damages as a result of Nintendo's infringement and will continue to suffer damages as a result of Nintendo's infringement.

65.     Defendant Nintendo's infringement of one or more claims of the Patents-in-Suit has caused and will continue to cause irreparable injury to Shared Memory Graphics LLC for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF AGAINST SONY

66.     Shared Memory Graphics LLC realleges and incorporates herein by reference the allegations stated in paragraphs 1-58 of this Complaint.

67.     Defendant Sony manufactures, uses, sells, has sold, imports and/or offers to sell a variety of infringing products that contain one or more shared memory systems comprising a central processing unit and an integrated display memory element that includes a graphics accelerator with on-chip and off-chip frame buffer memory elements ("the Infringing Products"), including, but not limited to, the Sony PS2 and the Sony PSP ("Sony Products") in this judicial district and elsewhere in the United States either directly or through purposefully established distribution channels.

68.     For example, at least the graphics accelerator systems of the Sony Products incorporate one or more on-chip frame buffer memory elements as well as one or more off-chip frame buffer memory elements in a manner that infringes one or more claims of each of the Patents-in-Suit.

69.     Defendant Sony had knowledge of the '664 Patent prior to the filing of this Complaint.

70.     Defendant Sony had knowledge of the '279 Patent prior to the filing of this Complaint.

71.     Sony has directly and/or indirectly infringed one or more claims of the '664 patent and one or more claims of the '279 patent.

72.     Sony is continuing such infringement of one or more claims of each of the Patents-in-Suit by making, using, selling, importing and/or offering to sell the Infringing Products (including, but not limited to, the Sony Products), and/or directing, instructing, encouraging, and/or intending others to make, use, sell, and/or offer to sell the Infringing Products (and thus actively and knowingly aiding and abetting direct infringement by others).

73.     Shared Memory Graphics LLC has suffered damages as a result of Sony's infringement and will continue to suffer damages as a result of Sony's infringement.

74.     Despite an objectively high likelihood that its actions constituted infringement of claims of the '664 Patent, Defendant Sony nevertheless continued and still continues such actions.

75.     Despite an objectively high likelihood that its actions constituted infringement of claims of the '279 Patent, Defendant Sony nevertheless continued and still continues such actions.

76.     Defendant Sony knew or should have known that its actions were infringing one or more claims of each of the '664 Patent and '279 Patent.

77.     Defendant Sony's infringement has been willful and continues to be willful, making this case exceptional and entitling Plaintiff to enhanced damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

78.     Defendant Sony's infringement of one or more claims of the Patents-in-Suit has caused and will continue to cause irreparable injury to Shared Memory Graphics LLC for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

a)     that Apple has infringed, contributed to, and induced the infringement of claims of the '664 patent and the '279 patent;

b)     that Nintendo has infringed, contributed to, and induced the infringement of claims of the '664 patent and the '279 patent;

c)     that Sony has infringed, contributed to, and induced the infringement of claims of the '664 patent and the '279 patent;

d)     that Sony's infringement is willful and that this is an "exceptional case;"

e)     for Plaintiff and against Apple for an award of damages in an amount not less than a reasonable royalty to compensate for Apple's infringement of claims of the'664 patent and the '279 patent as provided by 35 U.S.C. § 284;

f)     for Plaintiff and against Nintendo for an award of damages in an amount not less than a reasonable royalty to compensate for Nintendo's infringement of claims of the'664 patent and the '279 patent as provided by 35 U.S.C. § 284;

g)      for Plaintiff and against Sony for an award of damages in an amount not less than a reasonable royalty to compensate for Sony's infringement of claims of the'664 patent and the '279 patent as provided by 35 U.S.C. § 284;

h)      for Plaintiff and against Sony for an award of enhanced damages pursuant to 35 U.S.C. § 284;

i)      that an injunction be issued against further infringement of claims of the'664 patent and the '279 patent by Apple and its directors, officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, or in the alternative, that a reasonable royalty going forward be awarded for Apple's future infringement;

j)      that an injunction be issued against further infringement of claims of the'664 patent and the '279 patent by Nintendo and its directors, officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, or in the alternative, that a reasonable royalty going forward be awarded for Nintendo's future infringement;

k)      that an injunction be issued against further infringement of claims of the'664 patent and the '279 patent by Sony and its directors, officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, or in the alternative, that a reasonable royalty going forward be awarded for Sony's future infringement;

l)      that Apple pay attorneys' fees, all costs of this action, and interest on those fees and costs to Plaintiff;

15

m)     that Nintendo pay attorneys' fees, all costs of this action, and interest on those fees and costs to Plaintiff;

n)     that Sony pay attorneys' fees, all costs of this action, and interest on those fees and costs to Plaintiff; and

o)     that Plaintiff be granted such other and further relief, in law or in equity, as the Court deems just and equitable.

Dated this 1st day of July, 2009.


By:     Nicholas H. Patton
Nicholas H. Patton
Arkansas Bar No.: 63035
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard
p.o. Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile:  (903) 792-8233


**OF COUNSEL:**

**FLOYD & BUSS L.L.P.**

Adam V. Floyd
Brian K. Buss
Kent J. Cooper
H. Kenneth Prol
Joseph D. Gray
5113 Southwest Parkway, Suite 140
Austin, TX, 78735
Telephone:  (512) 681-1500
Facsimile:  (512) 681-1590

**ATTORNEYS FOR SHARED MEMORY GRAPHICS LLC**