IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARED MEMORY GRAPHICS LLC,

        Plaintiff,                          Case No. 09-5128 RTD

v.

APPLE INC.; SAMSUNG ELECTRONICS CO.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR, LLC;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC; NINTENDO OF AMERICA
INC.; NINTENDO CO. LTD.; SONY
CORPORATION OF AMERICA; SONY
COMPUTER ENTERTAINMENT AMERICA
INC.; SONY CORPORATION; SONY
COMPUTER ENTERTAINMENT INC.; and
SONY SEMICONDUCTOR KYUSHU
CORPORATION LTD.,

        Defendants.

**DEFENDANTS APPLE, SAMSUNG, AND SONY'S OPPOSITION TO
PLAINTIFF SHARED MEMORY GRAPHICS LLC'S OPPOSED EXPEDITED
MOTION FOR FURTHER EXTENSION OF TIME TO RESPOND TO
APPLE/SAMSUNG/SONY'S MOTION TO TRANSFER VENUE AND
<u>MOTION FOR PERMISSION TO OBTAIN DISCOVERY RELATED TO VENUE</u>**

As detailed in the motion to transfer filed by Apple, Samsung, and Sony[1] (Dkt. Nos. 72-73), this patent lawsuit has no meaningful connection to Arkansas, and should be transferred to the Northern District of California. Transfer would serve the interests of justice and be clearly more convenient for the defendants and numerous third-party witnesses, including the named inventor on the two patents-in-suit. The defendants maintain substantial facilities and documents and employ many individuals potentially related to this case in the Northern District of California. By contrast, none of the likely witnesses in this case is in Arkansas, and none of the design or development work regarding any of the accused products occurred in this district. In fact, it would be more convenient for Plaintiff Shared Memory Graphics ("SMG") to be in the Northern District of California than in the Western District of Arkansas. SMG is a patent-holding company whose only apparent connection to this forum is its incorporation in Arkansas just before filing suit—a transparent forum-shopping tactic that courts have denounced in prior cases.[2]

In its expedited motion for an extension to take discovery, SMG does not dispute any of these facts showing the need for transfer.[3] Instead, SMG requests that the Court grant additional

---

[1] The following eleven defendants are moving for transfer: Apple Inc. ("Apple"); Samsung Electronics Co., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively, "Samsung"); and Sony Corporation of America, Sony Computer Entertainment America Inc., Sony Corporation, Sony Computer Entertainment Inc., and Sony Semiconductor Kyushu Corporation Ltd. (collectively, "Sony").

[2] *E.g.*, *Broadcast Data Retrieval Corp. v. Sirius Satellite Radio Inc.*, 79 U.S.P.Q.2d (BNA) 1603, 1605-06, 2006 WL 1582091, at *2-4 (C.D. Cal. 2006) (transferring case brought by subsidiary of SMG's ultimate parent and holding that their actions "are nothing more than an elaborate scheme to forum shop").

[3] SMG argues in its motion that "Nintendo has no connections whatsoever to the Northern District of California," but this argument ignores the fact that Nintendo has a sales office located in the Northern District of California and maintains its principal place of business in Redmond, Washington, which is much closer to the Northern District of California than the Western District of Arkansas. (*See* Dkt. No. 73 at 20 n.16.)

time and leave to conduct discovery primarily on a separate and extraneous issue—the defendants' potential dealings with Wal-Mart's corporate offices in Arkansas. (*E.g.*, Dkt. No. 98 at 3.)

SMG has not established that good cause exists to take the extensive and irrelevant discovery it contends it needs for the motion to transfer. It is undisputed that, to the extent any of the moving defendants sell any accused products in the United States, those sales are made either nationwide through numerous retailers with no concentration of sales in this district or only in the Northern District of California (in the case of Samsung).[4] Even assuming that sales through Wal-Mart are substantial, such sales are dispersed nationwide throughout Wal-Mart's stores, not concentrated in Arkansas. Courts have repeatedly rejected the sole reliance on sales, holding that "where defendants' products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override the other factors favoring transfer." *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99-740, 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999) (collecting cases); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 520 (E.D. Va. 1999); *Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936, 938-39 (E.D. Va. 2001). In addition to being irrelevant, SMG's proposed discovery is unnecessary and futile. Apple and SCEA do not deny that their accused products are sold in Arkansas and through Wal-Mart. (*See, e.g.*, Dkt. No. 73 at 7 n.9 (noting SCEA's "small three-person satellite office in Bentonville, Arkansas dedicated to servicing its account with Wal-Mart Stores, Inc.").) Apple's accused products, for example, can be purchased from anywhere in the country through Wal-Mart's website, a publicly known fact that does not require any discovery to establish.

---

[4] Also, of the five named Sony entities, only one, Sony Computer Entertainment America, Inc. ("SCEA"), sells the accused PSP and PS2 game consoles in the United States. (Dkt. No. 73 at 6-8.)

Nor do any of the cases cited by SMG support its argument, which would amount to a "Wal-Mart exception" to section 1404(a).  SMG argues that a defendant's "relationship[]" with Wal-Mart suffices, by itself, to override the convenience and interest-of-justice factors under section 1404(a).  (Dkt. No. 98 at 5-6.)  Such an argument, however, would apply to any defendant with substantial dealings with Wal-Mart's headquarters and would defeat transfer in countless cases.  This is clearly not the law.  Here, witnesses and documents regarding the defendants' nationwide sales are located primarily, if not exclusively, outside Arkansas.  Moreover, SMG has not alleged that this district contains any potential witnesses or documents regarding the technical issues of this case, including the design of the accused products and the prior art.

In sum, SMG has not provided a proper basis for discovery or an extension.  The location of the defendants' sales is neither disputed nor relevant.  Nor does SMG provide any justification for the unnecessary delay and expense that would result from its generalized request for discovery regarding "Defendants' activities in this forum."  *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1170-71 (S.D. Cal. 2005) (transferring case and denying request for discovery – "[N]one of the cases cited by plaintiffs suggest that a plaintiff faced with a motion for transfer may embark on a fishing expedition in an attempt to find witnesses in support of its case . . . .").  Finally, SMG's argument that the Defendants are "restricting SMG's time to respond" ignores the fact that the Defendants already agreed to an extension.

Accordingly, Defendants Apple, Samsung, and Sony respectfully request that the Court deny SMG's motion (Dkt. No. 98).

Date: December 11, 2009                     Respectfully submitted,


By: */s/ Timothy S. Teter*

 Timothy S. Teter (CA #171451)
 Benjamin G. Damstedt  (CA #230311)
 Iain R. Cunningham (CA #232357)
 COOLEY GODWARD KRONISH LLP
 Five Palo Alto Square
 3000 El Camino Real
 Palo Alto, CA 94306-2155
 Phone:  (650) 843-5000
 Fax:     (650) 857-0663
 teterts@cooley.com
 bdamdstedt@cooley.com
 cunninghami@cooley.com

 Kevin A. Crass (84029)
 Friday, Eldredge & Clark LLP
 400 West Capitol Avenue, Suite 2000
 Little Rock, Arkansas 72201-3522
 Phone:  (501) 376-2011
 crass@fec.net

 Attorneys for Defendant Apple Inc.


By: */s/ Darin J. Glasser*

 Darin J. Glasser (CA #223788)

 Damon Young, SB No. 64050
 YOUNG, PICKETT & LEE
 4122 Texas Boulevard
 P.O. Box 1897
 Texarkana, TX 75504
 Telephone:  (903) 794-1303
 Facsimile (903) 792-5098
 dyoung@youngpickettlaw.com

 George A. Riley (CA #118304)
 O'MELVENY & MYERS LLP
 Two Embarcadero Center, 28th Floor
 San Francisco, California  94111-3823
 Telephone:  (415) 984-8700

Facsimile: (415) 984-8701
griley@omm.com

Ryan K. Yagura (CA #197619)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
ryagura@omm.com

Darin J. Glasser (CA #223788)
Michael L. Myers (CA #240652)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone: (949) 760-9600
Facsimile: (949) 823-6994
dglasser@omm.com
mmyers@omm.com

Attorneys for Defendants Samsung Electronics Co.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC

By: */s/ Lewis V. Popovski*

Richard S. Gresalfi (NY #1972777)
Michelle Carniaux (NY #2596120)
Lewis V. Popovski (NY #2443489)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Phone:   212.425.7200
Fax:     212.425.5288
rgresalfi@kenyon.com
mcarniaux@kenyon.com
lpopovski@kenyon.com

Steven W. Quattlebaum (Ark. #84127)
QUATTLEBAUM, GROOMS, TULL & BURROW PLLC

5

111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Phone:    501.379.1700
quattlebaum@qgtb.com

Attorneys for Defendants Sony
Corporation, Sony Corporation of
America, Sony Computer Entertainment
Inc., Sony Computer Entertainment
America Inc., and Sony Semiconductor
Kyushu Corporation Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Adam Vincent Floyd
afloyd@fblawllp.com, achambers@fblawllp.com, aepley@fblawllp.com, cporter@fblawllp.com, jhagan@fblawllp.com

Benjamin Damstedt
bdamstedt@cooley.com, elliottds@cooley.com

Brandon B. Cate
bcate@qgtb.com, pcooper@qgtb.com, sjackson@qgtb.com

Brian Buss
bbuss@fblawllp.com, cporter@fblawllp.com

Carly Slack Anderson
canderson@texarkanalaw.com

Damon Young
dyoung@youngpickettlaw.com, yp1303@aol.com

Darin Glasser
dglasser@omm.com

Geoffrey P. Culbertson
gpc@texarkanalaw.com, aross@texarkanalaw.com

Grant E. Kinsel
gkinsel@perkinscoie.com, docketla@perkinscoie.com, ivasquez@perkinscoie.com

H. Kenneth Prol
kprol@fblawllp.com, cporter@fblawllp.com

Iain Robert Cunningham
icunningham@cooley.com, jcorrell@cooley.com

J. Gregory Magness
magness@hardinlaw.com, jstogner@hardinlaw.com

Joseph Daniel Gray
jgray@fblawllp.com, cporter@fblawllp.com

Kent J. Cooper
kcooper@fblawllp.com, cporter@fblawllp.com

Kevin A. Crass
crass@fec.net, tmaness@fec.net

Lewis V. Popovski
LPopovski@kenyon.com

Marshall S. Ney
mney@mwlaw.com, jgarrett@mwlaw.com, jlarey@mwlaw.com

Matthew Jacob Faust
mfaust@kenyon.com

Michael Myers
mmyers@omm.com

Michelle Carniaux
mcarniaux@kenyon.com

Nicholas H. Patton
nickpatton@texarkanalaw.com, docket@texarkanalaw.com, mlong@texarkanalaw.com

Richard S. Gresalfi
RGresalfi@kenyon.com

Ryan Yagura
ryagura@omm.com

Steven W. Quattlebaum
quattlebaum@qgtb.com, khove@qgtb.com, troberts@qgtb.com

Timothy Teter
tteter@cooley.com, scaamal@cooley.com

By: */s/ Timothy S. Teter*

Timothy S. Teter

807172/PA

8