IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARED MEMORY GRAPHICS LLC,

                  Plaintiff,                              Case No.  09-5128 BSM

v.

APPLE INC.; SAMSUNG ELECTRONICS CO.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR, LLC;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC; NINTENDO OF AMERICA,
INC.; NINTENDO CO. LTD.; SONY
CORPORATION OF AMERICA; SONY
COMPUTER ENTERTAINMENT AMERICA,
INC.; SONY CORPORATION; SONY
COMPUTER ENTERTAINMENT INC.; and
SONY SEMICONDUCTOR KYUSHU
CORPORATION, LTD.,

                  Defendants.

**DEFENDANTS APPLE, SAMSUNG, AND SONY'S REPLY IN SUPPORT OF THEIR
JOINT MOTION TO TRANSFER VENUE TO THE
<u>NORTHERN DISTRICT OF CALIFORNIA</u>**

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................. 1

II.  SMG'S CHOICE OF FORUM DOES NOT WEIGH AGAINST TRANSFER ............... 2

    A.  SMG Concedes that It Has No Meaningful Connection to this District ............... 2

    B.  Case Law Limits the Deference to the Plaintiff's Choice of Forum Where the Plaintiff Lacks a Significant Connection to the Forum ................................... 3

    C.  SMG's Reasons for Selecting this Forum Provide No Basis To Deny Transfer ................................................................................................ 5

III.  THE CONVENIENCE OF THE PARTIES FAVORS TRANSFER ............................... 8

    A.  Each Relevant Moving Defendant Is Located Either in the Northern District of California or Asia ................................................................ 8

    B.  The Moving Defendants' Unrelated Prior Litigation Is Irrelevant ..................... 10

    C.  SMG's Misjoinder of Unrelated Defendants Provides No Basis for Denying Transfer ........................................................................... 11

    D.  Transfer Would Also Be More Convenient for SMG ........................................ 12

IV.  THE CONVENIENCE OF NON-PARTY WITNESSES FAVORS TRANSFER ......... 13

    A.  SMG's Identification of Retail Buyers Is a Red Herring .................................... 13

    B.  Numerous Key Witnesses Are More Conveniently Located to the Northern District of California ............................................................ 14

V.  THE INTERESTS OF JUSTICE FAVOR TRANSFER ................................................. 16

VI.  CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ark. Right To Life State Political Action Comm. v. Butler,*
  972 F. Supp. 1187 (W.D. Ark. 1997)...................................................................4

*Aten Int'l Co. v. Emine Tech. Co.,*
  No. 08-253, 2009 WL 1809978 (E.D. Tex. June 25, 2009).....................................16

*Austin v. Nestle USA, Inc.,*
  ___ F. Supp. 2d ___, No. 09-2675, 2009 WL 5245633 (D. Minn. Dec. 28, 2009)..................4

*BASF Corp. v. Symington,*
  50 F.3d 555 (8th Cir. 1995) ..........................................................................4

*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio Inc.,*
  79 U.S.P.Q.2d (BNA) 1603 (C.D. Cal. 2006) ....................................................2, 3

*Data Retrieval Tech., LLC v. Sybase, Inc.,*
  No. 08-1702, 2009 WL 960681 (W.D. Wash. Apr. 8, 2009) ..................................10

*Digital Background Corp. v. Apple, Inc.,*
  No. 07-803, 2008 U.S. Dist. LEXIS 21101 (S.D. Ill. Mar. 17, 2008) ................................6, 13

*Exergen Corp. v. Wal-Mart Stores, Inc.,*
  575 F.3d 1312 (Fed. Cir. 2009).....................................................................15

*Hildebrand v. Steck Mfg. Co.,*
  395 F. Supp. 2d 1036 (D. Colo. 2005)............................................................16

*In re Genentech,*
  566 F.3d 1338 (Fed. Cir. 2009)................................................................ passim

*In re Hoffman-LaRoche, Inc.,*
  587 F.3d 1333 (Fed. Cir. 2009).......................................................................6

*In re Nine Mile Ltd.,*
  692 F.2d 56 (8th Cir. 1982) ...........................................................................4

*In re Nintendo Co., Ltd.,*
  589 F.3d 1194 (Fed. Cir. 2009)...................................................................6, 10

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008)......................................................................6

*In re Volkswagen*,
    371 F.3d 201 (5th Cir. 2004) .................................................................10

*Int'l Adm'rs, Inc. v. Pettigrew*,
    430 F. Supp. 2d 890 (S.D. Iowa 2006) ....................................................4

*Litecubes, LLC v. Northern Light Prods., Inc.*,
    523 F.3d 1353 (Fed. Cir. 2008).................................................................6

*Media Queue, LLC v. Netflix, Inc.*,
    No. 08-402, 2009 WL 464456 (E.D. Okla. Feb. 24, 2009) ....................3

*Mobile Micromedia Solutions LLC v BMW of N. Am., LLC*,
    No. 09-5079, slip op. (W.D. Ark. Aug. 11, 2009) ..................................5

*N.J. Mach. Inc. v. Alford Indus. Inc.*,
    21 U.S.P.Q.2d 2033 (D.N.J. 1991) .........................................................12

*Naschem Co. v. Blackswamp Trading Co.*,
    No. 08-730, 2009 WL 1307865 (W.D. Wis. May 8, 2009)....................12

*Norwood v. Kilpatrick*,
    349 U.S. 29 (1955).....................................................................................4

*Original Creatine Patent Co. v. Met-RX USA, Inc.*,
    387 F. Supp. 2d 564 (E.D. Va. 2005) ..................................................6, 10

*Price Indus., Inc. v. Fulghum Indus., Inc.*,
    64 U.S.P.Q.2d (BNA) 1669 (W.D. Ark. Apr. 19, 2002) .........................4

*Prism Techs., LLC v. Verisign, Inc.*,
    No. 08-195, 2008 WL 5111044, (D. Neb. Dec. 2, 2008) ..............4, 11, 16

*R&R Packaging, Inc. v. Gap Roofing, Inc.*,
    No. 06-5175, 2007 WL 162730 (W.D. Ark. Jan. 18, 2007) ....................4

*Refined Recommendations Corp. v. Netflix, Inc.*,
    No. 07-4981, 2008 WL 474106 (D.N.J. Feb. 15, 2008) ......................3, 10

*Reid-Walen v. Hansen*,
    933 F.2d 1390 (8th Cir. 1991) ..................................................................4

*Sandvik Intellectual Property AB v. Kennametal Inc.*,
    No. 09-163, slip op. (W.D.N.C. Nov. 5, 2009)......................................17

*Sherwood Med. Co. v. Ivac Med. Sys., Inc.*,
    No. 96-305, 1996 WL 700261 (D. Del. Nov. 25, 1996).........................14

*Siddi v. Ozark Aircraft Sys., LLC*,
　No. 05-5170, 2006 U.S. Dist. LEXIS 84882 (W.D. Ark. Nov. 21, 2006)..............................12

*Steinbuch v. Cutler*,
　518 F.3d 580 (8th Cir. 2008) ...............................................................................................8

*Surfer Internet Broad. of Miss. v. XM Satellite Radio Inc.*,
　No. 07-34, 2008 WL 1868426 (N.D. Miss. Apr. 24, 2008).....................................................3

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
　__ F. Supp. 2d __, No. 09-200 -632, 2009 WL 4349446 (D. Del. Nov. 25, 2009) .......3, 13, 14

*Telepharmacy Solutions, Inc. v. Pickpoint Corp.*,
　238 F. Supp. 741 (E.D. Va. 2003) ..........................................................................................7

*Terra Int'l, Inc. v. Miss. Chem. Corp.*,
　119 F.3d 688 (8th Cir. 1997) ..............................................................................................3, 4

*Thornton Drilling Co. v. Stephens Prod. Co.*,
　No. 06-851, 2006 U.S. Dist. LEXIS 67961 (E.D. Ark. Sept. 6, 2006)....................................12

*Vandusen v. J.C. Penney Co.*,
　207 F. Supp. 529 (W.D. Ark. 1962).........................................................................................4

*Viasystems Techs., Corp. v. Forest City Commercial Dev., Inc.*,
　No. 08-124, 2008 WL 2064971 (E.D. Mo. May 14, 2008) ....................................................16

*Ward v. Cisco Sys., Inc.*,
　No. 08-4022, 2008 WL 4446608 (W.D. Ark. Sept. 30, 2008) .................................................5

*Wilson v. United States*,
　No. 05-562, 2006 WL 3431895 (E.D. Ark. Nov. 28, 2006) .....................................................4

## STATUTES

28 U.S.C. § 1391(a)(1)...............................................................................................................8

35 U.S.C. § 103.........................................................................................................................16

Cal. Code Civ. P. 1989.............................................................................................................15

## OTHER AUTHORITIES

Fed. R. Civ. P. 20, 21 ..........................................................................................................11, 12

Fed. R. Civ. P. 45(b)(2)(C) .......................................................................................................15

# I.  INTRODUCTION

This suit involves two patents developed in the Northern District of California by an inventor who resides in the Northern District of California, accused infringers that maintain numerous facilities, employees, and documents in the Northern District of California, and a plaintiff that is located in California.  Under these circumstances, transfer from the Western District of Arkansas to the Northern District of California would clearly further the convenience of the parties and promote the interests of justice.

Unable to contest the relevant facts, Plaintiff Shared Memory Graphics LLC ("SMG") focuses its opposition on three irrelevant diversions.  First, conceding that it lacks its own contacts in this District, SMG improperly amplifies (and in the case of Samsung, fabricates) Defendants' contacts with this District.  For example, SMG argues that many of the sales of the accused products are made through Wal-Mart, which has its headquarters in this District.  However, where the accused infringers make sales nationally, as is the case here, courts have repeatedly rejected the argument that sales alone can justify a plaintiff's choice of venue and prevent transfer to a more convenient venue.  For the same reason, SMG's focus on the percentage of sales through Wal-Mart also provides no basis for denying transfer; sales through Wal-Mart are themselves national in scope, being shipped through distribution centers and sold in stores located throughout the United States.

Second, SMG argues that the time-to-trial is quicker in the Western District of Arkansas than in the Northern District of California.  Courts have also rejected this argument as a basis for defeating a motion to transfer to a venue having a stronger nexus to the case.  Indeed, if SMG's argument were adopted, a plaintiff could forum shop to any jurisdiction in the country having better than average time-to-trial statistics even if it lacks a meaningful connection to that jurisdiction.  That is not the law.

Third, SMG contends that Nintendo agrees that the Western District of Arkansas is a more convenient forum.  This is not true.  As Nintendo clearly stated in its brief: "Nintendo believes that the Northern District of California *is more convenient for all of the parties— including Nintendo—than the Western District of Arkansas*."  (Dkt. No. 140, at 1 (emphasis in original).)  In any case, SMG cannot use its misjoinder in the same suit of unrelated defendants that sell unrelated products to prevent a transfer that would clearly promote the convenience of the parties and the interests of justice.  Under the facts of this case, the Court should transfer the action to the Northern District of California.

## II.     SMG'S CHOICE OF FORUM DOES NOT WEIGH AGAINST TRANSFER.

### A.      SMG Concedes that It Has No Meaningful Connection to this District.

In its opposition, SMG provided no evidence of any meaningful connection between it and this District.  SMG does not allege that it has done any business in this District or that it maintains any offices, any employees, or any records here.  Indeed, in response to Apple's discovery request requiring SMG to produce "[a]ll documents relating to [SMG's] contacts, connection, or activities, if any, to or in the Western District of Arkansas," SMG produced a single document containing only its Articles of Organization in Arkansas and a webpage printout regarding this incorporation.  (Ex. 1, Apple's Req. for Prod. No. 2; Ex. 2, SMG Feb. 18, 2010 letter and accompanying production.)  SMG's decision to incorporate in Arkansas just prior to filing this lawsuit provides no basis to deny transfer; indeed, courts have previously decried similar actions as "nothing more than an elaborate scheme to forum shop."  *Broadcast Data Retrieval Corp. v. Sirius Satellite Radio Inc.*, 79 U.S.P.Q.2d (BNA) 1603, 1605-06 (C.D. Cal.

2006).[1]

**B.    Case Law Limits the Deference to the Plaintiff's Choice of Forum Where the Plaintiff Lacks a Significant Connection to the Forum.**

As detailed in the joint motion to transfer, the deference afforded to a plaintiff's choice of forum varies on a case-by-case basis.  Where, as here, the plaintiff has no meaningful connection to the forum, its choice is afforded little deference.  (*See* Mot.[2] at 17-18 (collecting cases).) Indeed, there is a substantial body of case law that discounts the choice of forum of Acacia subsidiaries like SMG.  *E.g.*, *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, ___ F. Supp. 2d ___, No. 09-200, -632, 2009 WL 4349446, at *8 (D. Del. Nov. 25, 2009) ("[T]he deference given to [Acacia subsidiary's] forum choice is lessened because plaintiff is not litigating on its 'home turf.'"); *Refined Recommendations Corp. v. Netflix, Inc.*, No. 07-4981, 2008 WL 474106, at *5 (D.N.J. Feb. 15, 2008) (Acacia subsidiary's "choice warrants less deference"); *Broadcast Data Retrieval Corp.*, 79 U.S.P.Q.2d (BNA) at 1605-06 (Acacia subsidiary's "choice of forum is entitled to minimal deference").

SMG's only response to the numerous cases cited by movants is the erroneous assertion that the Eighth Circuit applies a much stricter standard for transfer than was applied in the cited cases.  (*See* Opp.[3] at 6.)  The *Terra* decision is the primary Eighth Circuit case addressing transfer under section 1404(a) and was cited by both the moving defendants and SMG.  *Terra*

---

[1] *See also, e.g.*, *Media Queue, LLC v. Netflix, Inc.*, No. 08-402, 2009 WL 464456, at *4 (E.D. Okla. Feb. 24, 2009); *Surfer Internet Broad. of Miss. v. XM Satellite Radio Inc.*, No. 07-34, 2008 WL 1868426, at *2-3 (N.D. Miss. Apr. 24, 2008).

[2] "Mot." refers to Defendants Apple, Samsung, and Sony's Br. in Supp. of Their Joint Mot. To Transfer Venue to the Northern District of Cal. (Dkt. No. 73).

[3] "Opp." refers to SMG's Resp. in Opp. to Apple, Samsung and Sony's Joint Mot. To Transfer Venue to the Northern District of Cal. (Dkt. No. 141).

*Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688 (8th Cir. 1997).[4]  *Terra* does not support SMG's broad-sweeping argument because it was not decided in the context of a non-practicing entity, like SMG, that has little or no contacts with the District.  Courts that have considered that issue recognize the limits of the deference afforded a plaintiff's choice of forum in transferring cases. *See, e.g.*, *Austin v. Nestle USA, Inc.*, ___ F. Supp. 2d ___, No. 09-2675, 2009 WL 5245633, at *7 (D. Minn. Dec. 28, 2009) ("[W]hatever weight a plaintiff's choice of forum obtains is diminished where (1) she does not reside in the chosen forum or (2) the underlying events did not occur there."); *Prism Techs., LLC v. Verisign, Inc.*, No. 08-195, -196, 2008 WL 5111044, at *4-6 (D. Neb. Dec. 2, 2008); *Int'l Adm'rs, Inc. v. Pettigrew*, 430 F. Supp. 2d 890, 901 (S.D. Iowa 2006); *Wilson v. United States*, No. 05-562, 2006 WL 3431895, at *15-18 (E.D. Ark. Nov. 28, 2006).

The other cases relied on by SMG are distinguishable from this case for at least two reasons.  First, the majority of SMG's cited cases afforded substantial deference to the plaintiff's choice of forum because the ***plaintiff actually resided in the district in which it brought suit***.[5] Here, by contrast, SMG's headquarters and all relevant employees are located in California, not in Arkansas.  Second, the remaining cases cited by SMG denied transfer motions because the

---

[4] None of the Eighth Circuit cases cited by SMG supports denying the joint motion to transfer. *Terra* and *Nine Mile Ltd.* each affirms a transfer away from the plaintiff's selected forum.  *Terra Int'l, Inc.*, 119 F.3d at 695, 697; *In re Nine Mile Ltd.*, 692 F.2d 56 (8th Cir. 1982).  The other two cases—*Reid-Walen* and *BASF*—are inapposite because they discuss the common law doctrine of *forum non conveniens*, which imposes a different and substantially heavier burden than section 1404(a).  *Reid-Walen v. Hansen*, 933 F.2d 1390, 1412 (8th Cir. 1991); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995); *see also Norwood v. Kilpatrick*, 349 U.S. 29, 31-32 (1955) (Congress "intended to grant transfers [under section 1404(a)] upon a lesser showing of inconvenience" than under the *forum non conveniens* doctrine).

[5] *Price Indus., Inc. v. Fulghum Indus., Inc.*, 64 U.S.P.Q.2d (BNA) 1669, 1675 (W.D. Ark. Apr. 19, 2002) (plaintiff's "place of business, witnesses, and evidence" are located in forum); *see also R&R Packaging, Inc. v. Gap Roofing, Inc.*, No. 06-5175, 2007 WL 162730, at *3 (W.D. Ark. Jan. 18, 2007) (plaintiff's employees "work . . . and presumably live" in forum); *Ark. Right To Life State Political Action Comm. v. Butler*, 972 F. Supp. 1187, 1194 (W.D. Ark. 1997) (named plaintiff is a resident of the forum); *Vandusen v. J.C. Penney Co.*, 207 F. Supp. 529, 536 (W.D. Ark. 1962) (same).

convenience factors did not strongly favor transfer; indeed, the parties in each case simply asked to transfer between geographically adjoining districts to consolidate with other pending litigation, rather than to transfer to a venue where the parties were located.[6]  In this case, the convenience factors strongly favor transferring venue.

In sum, where the plaintiff has no meaningful connection to the forum, the plaintiff's choice of forum is entitled to minimal deference.

### C.      SMG's Reasons for Selecting this Forum Provide No Basis To Deny Transfer.

SMG states that it selected this District for two reasons, neither of which provides a basis for keeping the case in this District.  (*See* Opp. at 8.)

***First***, SMG states that it chose this forum because each of the moving defendants sells the accused products through Wal-Mart.  (Opp. at 8-11.)  This is simply not true.  SMG's opposition ignores the fact that SMG sued ***five*** Samsung entities, none of which sells the accused products to Wal-Mart or Sam's Club.  Indeed, Samsung Semiconductor, Inc. ("SSI") is the only Samsung defendant that sells the accused products in the United States, and SSI is located in the Northern District of California, which further supports transferring this case.  (Dkt. No. 73, Lee Decl., ¶¶ 9-14.)

SMG's argument also fails to justify the appropriateness of this District for those defendants that make sales here, because those defendants each sell the accused products nationwide.  Transfer decisions in patent cases have repeatedly held that nationwide sales cannot justify a plaintiff's forum selection in a specific district.  For example:

---

[6] *Ward v. Cisco Sys., Inc.*, No. 08-4022, 2008 WL 4446608, at *2 (W.D. Ark. Sept. 30, 2008); *Mobile Micromedia Solutions LLC v BMW of N. Am., LLC*, No. 09-5079, slip op. at 3-6 (W.D. Ark. Aug. 11, 2009).

> Here, the vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the [plaintiff's chosen forum] have no more or less of a meaningful connection to this case than any other venue.

*In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008); *In re Hoffman-LaRoche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (same); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (same).

> [S]imilar sales of this product occur nationwide, so there is no unusual connection between this district and the alleged infringement.  Instead, in patent cases like this one, district courts do better to focus on the situs where the product at issue was designed, tested, and readied for production.

*Digital Background Corp. v. Apple, Inc.*, No. 07-803, 2008 U.S. Dist. LEXIS 21101, at *7 (S.D. Ill. Mar. 17, 2008) (internal quotation omitted).

> [F]ederal courts are not solicitous of plaintiffs claiming substantial weight for their forum choice where the connection with the forum is limited to sales activity without more.  As the defendant distributes its product nationwide, it appears that under the plaintiff's rationale, venue would be appropriate in districts throughout the country, wherever the defendant distributes its product.  Such a liberal reading of section 1404(a) would undermine the emphasis on convenience of the parties and of potential witnesses.

*Original Creatine Patent Co. v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) (internal quotation omitted).

For the same reasons, the percentage of sales of the accused products *through* Wal-Mart is irrelevant to whether this District is appropriate given that sales through Wal-Mart are not limited to this District but are distributed nationwide.[7]  According to Wal-Mart's most recent

---

[7] SMG assumes without any analysis that all sales to Wal-Mart/Sam's Club occur solely in Arkansas.  That is not true.  A sale in the patent context, "'has both a physical and a conceptual dimension to it.  That is to say, it is possible to define the situs of the tort of infringement-by-sale either in real terms as including the location of the seller and the buyer and perhaps the points along the shipment route between . . . .'"  *Litecubes, LLC v. Northern Light Prods., Inc.*, 523

annual 10-K filing with the SEC, it operates 3,013 stores in all 50 states.  (Ex. 3, Wal-Mart 10-K at 4.)  In addition, Wal-Mart's sales operations are supported by 121 distribution centers "located strategically throughout the continental United States."  (*Id.* at 10.)  Sam's Club similarly operates 538 stores in 48 states, including California, and is supported by 26 distribution centers located throughout the United States.[8]  (*Id.* at 9-10.)  The nationwide scope of the sales through Wal-Mart eliminates any potential localized interest this District might have.

*Second*, SMG argues that it filed in this District because the average time-to-trial is faster than in the Northern District of California.  (Opp. at 8, 24-25.)  As noted by the Federal Circuit, however, the average time-to-trial statistics are largely "speculative" and, at least in patent cases, "the speed of the transferee district court should not alone outweigh" other transfer factors.  *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  Indeed, the Eastern District of Virginia, a well-known patent "rocket docket," has held that "such docket considerations cannot be the primary reason for retaining a case."  *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 741, 744 (E.D. Va. 2003) ("The interests of justice are not served by such blatant forum shopping.")

Accordingly, SMG's two proffered reasons for selecting this District do not provide a legally sufficient basis to deny transfer.  Indeed, the reasons simply highlight SMG's improper

---

F.3d 1353, 1369-70 (Fed. Cir. 2008) (quoting *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994)).  Thus, any sales by Sony, Apple, and Nintendo to Wal-Mart/Sam's Club are made in the Northern District of California and Washington to at least the same extent as they are made in Arkansas, and Samsung's relevant sales occur exclusively in California.

[8] The same national distribution and sales structure applies to the other retailers identified by SMG.  For example, Best Buy operates 1,023 stores in 49 states, with 8 located in Arkansas and 117 in California.  (Ex. 4, Best Buy 10-K at 11, 22.)  Target operates 1,682 stores in 48 states, including 7 in Arkansas and 236 in California.  (Ex. 5, Target 10-K at 7.)  In addition, SMG argues that the centralized location of Arkansas with respect to other national retailers also weighs against transfer, but this argument has been rejected by the Federal Circuit.  *See In re Genentech*, 566 F.3d at 1344-45.

forum shopping tactics.[9]

III.   **THE CONVENIENCE OF THE PARTIES FAVORS TRANSFER.**

   A.   **Each Relevant Moving Defendant Is Located Either in the Northern District of California or Asia.**

The undisputed record establishes that each relevant moving defendant and the vast majority of their relevant employees and documents are located in the Northern District of California or Asia.  In its opposition, SMG argues that transfer should be denied because the extensive activities performed by the defendants in the Northern District of California relate only to sales and substantial sales activities also occur through Wal-Mart's headquarters in this District.  (Opp. at 10-11 ("[T]he only relevant infringing activity happening in the United States is each defendant group's offers-to-sell and sales activities. It is the U.S. sales activity, on average 20% of which happens in this district with sales to Wal-Mart, that creates the lion's share of the financial harm to SMG."); *id.* at 12 ("The most relevant party-witnesses – design and manufacturing employees – are not located in either proposed district.").)

First, the record evidence directly contradicts SMG's claims that the technical work at-issue in this case occurs only outside the Northern District of California.  As stated in Apple's declarations, Apple conducts extensive technical activities with respect to the accused products in the Northern District of California.  (Dkt. No. 73, Batis Decl., ¶¶ 6-7, 9 ("The research, design, and development for each of these products took place in Cupertino.  The decisions regarding marketing, sales, and pricing of these products occurred in Cupertino."); Dkt. No. 141,

---

[9] SMG makes the irrelevant argument that venue is ***proper*** under 28 U.S.C. § 1391(a)(1), because this Court has personal jurisdiction over each defendant.  (Opp. at 4-5.)  However, as SMG notes in its opposition (*id.*), many of the defendants, particularly the foreign entities, have denied that personal jurisdiction is proper in this Court.  *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) ("Whether a subsidiary is subject to personal jurisdiction in the state has no effect on the jurisdictional inquiry regarding its parent.").  In any event, the instant motion seeks transfer under § 1404 (convenience) and ***not*** under § 1391 (improper venue).

Ex. C, Padilla Decl., ¶ 8 (same).)   Indeed, Apple has identified at least six employees who conduct extensive activities relating to the accused products in the Northern District of California.  (*Id.*)

Second, SMG downplays the substantial nature of contacts the moving defendants have with the Northern District of California.  According to SMG, "Apple, Samsung, and Sony have some relevant witnesses and documents located there."  (Opp. at 3-4.)  However, SMG ignores the fact that Sony Computer Entertainment America Inc. (the only Sony entity that imports the accused products into the United States) is headquartered in the Northern District of California. (Dkt. No. 73, Buchanan Decl., ¶ 2.)  That is where substantially all of Sony's non-technical documents are located, and where Sony's non-technical witnesses – including witnesses related to marketing and sales decisions – work and reside.  *Id.*  Likewise, Apple and Samsung Semiconductor Inc. are also headquartered in the Northern District of California.  (Dkt. No. 73, Batis Decl., ¶ 2; Dkt. No. 73, Lee Decl., ¶ 9.)  By comparison, no party has any significant office in Arkansas, let alone the Western District of Arkansas.  Nor can the location of the moving defendants' documents be ignored, as SMG contends, simply because the parties have the ability to conduct electronic discovery.  (Opp. at 23.)  Indeed, the Federal Circuit has specifically rejected this argument.  *See In re Genentech*, 566 F.3d at 1346 (holding that the location of relevant documents in the transferee district weighed in favor of transfer despite the use of "electronic storage and transmission") (internal quotation omitted).

Moreover, the moving defendants' extensive *decision-making* activities regarding sales and marketing conducted in the Northern District of California substantially outweigh the minimal relevance, if any, of the nationwide sales activities occurring outside the Northern District.  (*See* Mot. at 10-12.)  Numerous courts have held that the location of sales and

marketing decisions carries more weight than the location of sales in the transfer analysis, even if sales are made in the plaintiff's chosen forum. *Refined Recommendations*, 2008 WL 474106, at *4 ("To determine the center of gravity, consideration must be offered to the location of the product's development, testing, research and production, as well as where marketing decisions are made, rather than where limited sales activity has occurred.") (internal quotation omitted); *Data Retrieval Tech., LLC v. Sybase, Inc.*, No. 08-1702, 2009 WL 960681, at *3 (W.D. Wash. Apr. 8, 2009) (granting transfer to district where decisions regarding marketing and sales were made); *Original Creatine*, 387 F. Supp. 2d at 569 (same).

Finally, SMG argues that the location of certain defendants in Asia does not weigh in favor of transfer, simply asserting that "[a] marginally longer flight from Asia does not justify transfer to the Northern District of California."  (Opp. at 19-20.)  To the contrary, courts have found that "[t]he convenience and cost of attendance for witnesses is an important factor in the transfer calculus."  *In re Nintendo*, 589 F.3d at 1198-99 ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.") (internal quotation omitted, brackets in original).  Here, the availability of non-stop flights between major cities in Asia and San Francisco makes the Northern District of California more convenient than Arkansas for the foreign movants.  (Dkt. No. 73, Ex. 10 (non-stop flights from Tokyo and Seoul to San Francisco result in significantly shorter travel times).)  *See In re Volkswagen*, 371 F.3d 201, 205 n.3 (5th Cir. 2004) (finding availability of non-stop flights to be significant to the convenience analysis).

### B.    The Moving Defendants' Unrelated Prior Litigation Is Irrelevant.

SMG next argues that transfer may be denied because, "when suing to enforce patents against others, each of these Movants has – in recent years – voluntarily filed in various districts

across the United States." (Opp. at 21-23.) The Federal Circuit has unequivocally rejected SMG's argument, relying on Supreme Court precedent to hold that without evidence that the cited prior litigation "involved the same parties, witnesses, and evidence, and facts," it is clear error to find that prior litigation weighed against transfer. *In re Genentech*, 566 F.3d at 1346 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (section 1404(a) requires "individualized, case-by-case considerations of convenience and fairness")); *see also Prism Techs.*, 2008 WL 5111044, at *5 ("A corporation does not forfeit its right to claim greater convenience in another forum because it is large or because it has litigated here in the past.") (internal quotation omitted).

### C.    SMG's Misjoinder of Unrelated Defendants Provides No Basis for Denying Transfer.

Throughout its brief, SMG argues that Nintendo's decision not to join the moving defendants' motion to transfer amounts to an opposition of the motion. As Nintendo has made clear, SMG misrepresents Nintendo's position:

> Shared Memory's Opposition, however, attempts to reinvent Nintendo's position, essentially claiming that Nintendo's decision not to join the Motion to Transfer is tantamount to an opposition to it. This is not true. In point of fact, Nintendo believes that the *Northern District of California is more convenient for all parties—including Nintendo—than the Western District of Arkansas*.

(Dkt. No. 140 at 1 (emphasis in original).)

Moreover, SMG's argument that transfer would break up the case ignores the fact that the defendants have been improperly misjoined from the outset. Under the Federal Rules, a plaintiff may join defendants into the same lawsuit only if the right to relief against the defendants arises from a common transaction or occurrence. Fed. R. Civ. P. 20, 21. Here, with the exception of Apple and Samsung, the defendants do not share common chipsets, an industry standard, or any other common transaction or occurrence connecting the various unrelated accused products that

11

could even possibly provide a basis for joinder.  The mere fact that each defendant has sold products accused of infringement is not legally sufficient for joinder.  *N.J. Mach. Inc. v. Alford Indus. Inc.*, 21 U.S.P.Q.2d 2033, 2034-35 (D.N.J. 1991) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants.").

In any event, the Court clearly may sever the moving defendants from Nintendo, or if the Court elects not to sever, the Court may transfer the entire case, including all defendants, to the Northern District of California.  *See, e.g.*, *Siddi v. Ozark Aircraft Sys., LLC*, No. 05-5170, 2006 U.S. Dist. LEXIS 84882, at *14-15 (W.D. Ark. Nov. 21, 2006) ("[S]everance under Rule 21 is proper to facilitate a transfer of certain claims to a more convenient forum."); *Naschem Co. v. Blackswamp Trading Co.*, No. 08-730, 2009 WL 1307865, at *1-3 (W.D. Wis. May 8, 2009) (same).

### D.     Transfer Would Also Be More Convenient for SMG.

SMG asserts that its *willingness* to litigate in this District also renders this District more *convenient* for the parties.  (Opp. at 19.)  To the contrary, SMG's corporate headquarters are located in Newport Beach, California, which is substantially closer to the Northern District of California than to Fayetteville, Arkansas.  As the Eastern District of Arkansas has held, "[d]espite the fact that Plaintiff (or Plaintiff's lawyers) have obviously chosen to file suit here, it appears that it would be more convenient to both Plaintiff and Defendant to litigate in the [transferee venue]," as the transferee forum was located "literally in the Plaintiff's corporate headquarters' 'back yard.'"  *Thornton Drilling Co. v. Stephens Prod. Co.*, No. 06-851, 2006 U.S. Dist. LEXIS 67961, at *7, 10 (E.D. Ark. Sept. 6, 2006).  The court in *Thornton Drilling* found the increased convenience to the plaintiff to "weigh heavily in favor of a transfer."  *Id.* at *10; *see also In re Genentech*, 566 F.3d at 1345 (plaintiff's ability to travel more easily to the

12

transferee district in the Northern District of California than to plaintiff's choice of forum in the Eastern District of Texas weighs in favor of transfer).

IV.     **THE CONVENIENCE OF NON-PARTY WITNESSES FAVORS TRANSFER.**

      A.     **SMG's Identification of Retail Buyers Is a Red Herring.**

In its opposition, SMG attempts to justify its forum choice by stating that it intends to seek extensive discovery from numerous non-parties, including Wal-Mart. (Opp. at 13-16.) The Court should reject SMG's efforts to artificially manufacture a connection to this District through non-party discovery from national retailers and their employees that have minimal, if any, relevance to this case. *See, e.g.*, *Digital Background*, 2008 U.S. Dist. LEXIS 21101, at *7 ("[I]n patent cases like this one, district courts do better to focus on the situs where the product at issue was designed, tested, and readied for production.").

Indeed, SMG's focus on sales to customers as a basis for denying transfer was roundly rejected in a recent case involving an Acacia subsidiary. *See Teleconference Sys.*, 2009 WL 4349446, at *8-9. In *Teleconference Systems*, an Acacia subsidiary accused Cisco's "TelePresence" product of infringement and sued Cisco along with a number of its customers. *Id.* at 20. The Acacia subsidiary argued that the presence and contacts of the Cisco customers in its chosen forum weighed against transfer. In rejecting that argument and transferring the case, the district court held that it "must identify the real underlying dispute":

> It is naive and inaccurate to assume that the interests of Cisco, the manufacturer and distributor of the TelePresence product or system, and the party who may have to indemnify its customers' damages, is the same as its customers. ***No matter how much plaintiff focuses on [its] damage claims against [Cisco's] customers, at bottom the focus of the case is on Cisco's alleged infringement of plaintiff's patent.*** Plaintiff and Cisco, therefore, are unquestionably the key parties in the Cisco action. Although the convenience or inconvenience to Cisco's customers is not irrelevant, the focus of the Court's analysis should be on plaintiff and Cisco.

*Id.* at *8 (internal quotation omitted; emphasis added).  Similarly here, the key parties in this case are located either in the Northern District of California, Asia, or, in SMG's case, California. Indeed, the alleged connection to the chosen forum is even more tenuous in this case than in *Teleconference Systems* because Wal-Mart and the other retailers identified by SMG are not even parties.

Moreover, accepting SMG's argument that non-party discovery justifies denying a transfer motion would provide strong incentives for forum-shopping plaintiffs to multiply the litigation burdens on tangential non-parties.  Indeed, due to the nationwide reach of Wal-Mart, SMG's argument could result in a "Wal-Mart exception" to section 1404(a) in which Wal-Mart is either named as a defendant or burdened with substantial discovery in numerous patent cases.

### B.      Numerous Key Witnesses Are More Conveniently Located to the Northern District of California.

In addition to failing to rebut defendants' showing that the convenience of the parties strongly favors transfer, SMG's opposition also fails to rebut the evidence showing the importance of the numerous critical non-party witnesses that reside in the Northern District of California.

First, SMG concedes that the work leading to the patents-in-suit was performed in the Northern District of California and that the named inventor still resides in the district.  Instead, SMG argues that the named inventor's location should not weigh against transfer, because he has stated that he will make himself available in this District.  (Opp. at 16.)  Reddy's representation, however, "is not the same as [him] being subject to compulsory subpoena power." *Teleconference Sys.*, 2009 WL 4349446, at *10; *see also Sherwood Med. Co. v. Ivac Med. Sys., Inc.*, No. 96-305, 1996 WL 700261, at *5 (D. Del. Nov. 25, 1996) (an agreement to appear "is not the same as having them amenable to the subpoena power of the trial court").  Moreover,

even if accepted, Reddy's representation does not apply to any of the other potentially relevant witnesses from Alliance Semiconductor (the northern California-based original assignee of the patents-in-suit), who will be identified during discovery.

Second, SMG simply ignores the moving defendants' argument that the location of SMG's parents within California weighs strongly in favor of transfer, asserting only that SMG itself was willing to provide discovery and witnesses in this matter.  (Opp. at 17.)  SMG's parents have been intimately involved in this case, negotiating for, and purchasing, the patents-in-suit from Alliance and directing the litigation at least prior to SMG's formation.  Because SMG's parents and their employees are located in California, they are not subject to this Court's subpoena power but would be subject to the subpoena power of the Northern District of California for trial.  *See* Fed. R. Civ. P. 45(b)(2)(C); Cal. Code Civ. P. 1989.  As the Federal Circuit held in *In re Genentech*, "the fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly."  *In re Genentech*, 566 F.3d at 1345.

Third, in direct contradiction to its transfer opposition brief, SMG has already made arguments that underscore the relevance of the California-based patent attorney who prosecuted the '664 patent.[10]  In its opposition to Nintendo's Motion for Summary Judgment of Invalidity on one of the patents-in-suit, SMG claims the prosecuting attorney made "an error" when he argued for – and was granted – a post-allowance correction to the claim language.  (Dkt. No. 142 at 13-

---

[10] SMG also asserts that the prosecuting attorney's location in the Northern District of California is not relevant to the case, because movants have not yet asserted an inequitable conduct defense. (Opp. at 16.)  To assert an inequitable conduct defense, a defendant must meet heightened pleading standards, including the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).  Given the early stage of this case, depositions of the prosecuting attorneys remain highly relevant to determining whether the patentee and the patent attorneys knowingly withheld material references from the Patent Office.

14.)  That attorney is based in the Northern District of California.  (Dkt. No. 73, Ex. 9.)

Finally, SMG's attempts to discount the availability of prior art witnesses in the Northern District of California are similarly unfounded.  SMG's citations to Federal Circuit cases from the 1980s ignore the fact that prior art found in the prosecution history may be combined with additional prior art references that were not considered by the patent office, to invalidate SMG's patents under 35 U.S.C. § 103.  *See Hildebrand v. Steck Mfg. Co.*, 395 F. Supp. 2d 1036, 1051 (D. Colo. 2005) ("While deference is due the USPTO's decision as to evidence properly before it, no such deference is due regarding evidence it did not consider.").

## V.   THE INTERESTS OF JUSTICE FAVOR TRANSFER.

SMG's opposition does not meaningfully address the interests of justice prong.  (See Opp. at 24-26.)  Instead, SMG repeats its time-to-trial argument, which fails for the reason given above.

The Northern District of California's localized interests in this dispute weigh heavily in favor of transfer, as detailed above and in the joint motion to transfer.  (Mot. at 16-17.)  The California location of the named inventor, development of the purported invention, accused infringers, and even the plaintiff establish the Northern District of California as having the greatest nexus to this litigation.   These factors weigh heavily in favor of transfer to that jurisdiction.  *See, e.g.*, *Viasystems Techs., Corp. v. Forest City Commercial Dev., Inc.*, No. 08-124, 2008 WL 2064971, at *4 (E.D. Mo. May 14, 2008); *Aten Int'l Co. v. Emine Tech. Co.*, No. 08-253, 2009 WL 1809978 (E.D. Tex. June 25, 2009); *Prism Techs.,* 2008 WL 5111044, at *4-6. As the *Sandvik* court recently explained:

> [T]he court places itself in the shoes of a juror and asks the question that every juror asks, which is 'why was I called away from work or my home to hear this case?'  Beyond civic duty, which is present in every district, the answer in this case would be hard for a juror to take: to resolve a dispute between a

> Pennsylvania and a Swedish Company concerning a product that is not manufactured [in North Carolina] and was purportedly invented by people who live very far away.

*Sandvik Intellectual Property AB v. Kennametal Inc.*, No. 09-163, slip op. at 16-17 (W.D.N.C. Nov. 5, 2009) (Dkt. No. 73, Ex. 13).

## VI.    CONCLUSION

For the foregoing reasons, the moving defendants respectfully request that the Court grant their joint motion to transfer.

Date: February 23, 2010                                                Respectfully submitted,


By: */s/ Timothy S. Teter*

> Timothy S. Teter (CA #171451)
> Benjamin G. Damstedt  (CA #230311)
> Iain R. Cunningham (CA #232357)
> COOLEY GODWARD KRONISH LLP
> Five Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA 94306-2155
> Phone:  (650) 843-5000
> Fax:      (650) 857-0663
> teterts@cooley.com
> bdamdstedt@cooley.com
> cunninghami@cooley.com
>
> Kevin A. Crass (84029)
> Friday, Eldredge & Clark LLP
> 400 West Capitol Avenue, Suite 2000
> Little Rock, Arkansas 72201-3522
> Phone:  (501) 376-2011
> crass@fec.net
>
> Attorneys for Defendant Apple Inc.

17

By: */s/ Darin J. Glasser (with permission)*

Darin J. Glasser (CA #223788)

Damon Young, SB No. 64050
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75504
Telephone:  (903) 794-1303
Facsimile (903) 792-5098
dyoung@youngpickettlaw.com

George A. Riley (CA #118304)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701
griley@omm.com

Ryan K. Yagura (CA #197619)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
ryagura@omm.com

Darin J. Glasser (CA #223788)
Michael L. Myers (CA #240652)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660
Telephone:  (949) 760-9600
Facsimile:  (949) 823-6994
dglasser@omm.com
mmyers@omm.com

Attorneys for Defendants Samsung
Electronics Co.; Samsung Semiconductor,
Inc.; Samsung Austin Semiconductor,
LLC; Samsung Electronics America, Inc.;
and Samsung Telecommunications
America, LLC

18

By: */s/ Lewis V. Popovski (with permission)*

Richard S. Gresalfi (NY #1972777)
Michelle Carniaux (NY #2596120)
Lewis V. Popovski (NY #2443489)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Phone:    212.425.7200
Fax:        212.425.5288
rgresalfi@kenyon.com
mcarniaux@kenyon.com
lpopovski@kenyon.com

Steven W. Quattlebaum (Ark. #84127)
QUATTLEBAUM, GROOMS, TULL &
BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Phone:    501.379.1700
quattlebaum@qgtb.com

Attorneys for Defendants Sony
Corporation, Sony Corporation of
America, Sony Computer Entertainment
Inc., Sony Computer Entertainment
America Inc., and Sony Semiconductor
Kyushu Corporation Ltd.

### CERTIFICATE OF SERVICE

I hereby certify that on this the 23d day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Adam Vincent Floyd
afloyd@fblawllp.com, achambers@fblawllp.com, aepley@fblawllp.com,
cporter@fblawllp.com, jhagan@fblawllp.com

Benjamin Damstedt
bdamstedt@cooley.com, elliottds@cooley.com

Brandon B. Cate
bcate@qgtb.com, jdempsey@qgtb.com, pcooper@qgtb.com, sjackson@qgtb.com

Brian Buss
bbuss@fblawllp.com, cporter@fblawllp.com

Carly Slack Anderson
canderson@texarkanalaw.com

Damon Young
dyoung@youngpickettlaw.com, yp1303@aol.com

Darin Glasser
dglasser@omm.com, btreggs@omm.com, ralvarez@omm.com, swhite@omm.com

Geoffrey P. Culbertson
gpc@texarkanalaw.com, aross@texarkanalaw.com

George Riley
griley@omm.com

Grant E. Kinsel
gkinsel@perkinscoie.com, docketla@perkinscoie.com, ivasquez@perkinscoie.com

H. Kenneth Prol
kprol@fblawllp.com, cporter@fblawllp.com, dcriber@fblawllp.com

Iain Robert Cunningham
icunningham@cooley.com, jcorrell@cooley.com

J. Gregory Magness
magness@hardinlaw.com, jstogner@hardinlaw.com

Jamie Goss Dempsey
jdempsey@qgtb.com, acone@qgtb.com

John M. Pickett
jpickett@youngpickettlaw.com

Joseph Hamilton
jhamilton@perkinscoie.com, dmuench@perkinscoie.com

Joseph Daniel Gray
jgray@fblawllp.com, cporter@fblawllp.com

Kent J. Cooper
kcooper@fblawllp.com, cporter@fblawllp.com

Kevin A. Crass
crass@fec.net, tmaness@fec.net

Lewis V. Popovski
LPopovski@kenyon.com

Marshall S. Ney
mney@mwlaw.com, jgarrett@mwlaw.com, jlarey@mwlaw.com

Matthew Jacob Faust
mfaust@kenyon.com

Matthew S. Wermager
mwermager@fblawllp.com

Michael Myers
mmyers@omm.com

Michelle Carniaux
mcarniaux@kenyon.com

Nicholas H. Patton
nickpatton@texarkanalaw.com, docket@texarkanalaw.com, mlong@texarkanalaw.com

Reese Patrick McKnight
rmcknight@fblawllp.com

Richard S. Gresalfi

RGresalfi@kenyon.com

Ryan Yagura
ryagura@omm.com

Steven W. Quattlebaum
quattlebaum@qgtb.com, khove@qgtb.com, troberts@qgtb.com

Timothy Teter
tteter@cooley.com, scaamal@cooley.com


By: */s/ Timothy S. Teter*
_____

Timothy S. Teter

833283/HN