UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **Shared Memory Graphics LLC,**<br><br>    **Plaintiff,**<br><br> **v.**<br><br>**Apple Inc., *et al.*,**<br><br>    **Defendants.**<br><br>**and Related Counterclaims** | Case No.:  5:09cv5128 BSM<br><br>Hon. Brian S. Miller |

**BRIEF IN SUPPORT OF NINTENDO'S MOTION FOR A PROTECTIVE
ORDER STAYING DISCOVERY PENDING RESOLUTION OF
NINTENDO'S MOTION TO DISQUALIFY FLOYD & BUSS LLP**

## TABLE OF CONTENTS

                                                                 **Page**

1. INTRODUCTION .................................................................................................................1
2. FACTS ..................................................................................................................................3
   - A. Nintendo's Motion to Disqualify Floyd & Buss ......................................................3
   - B. Shared Memory's pending discovery seeks Nintendo confidential information ................................................................................................................4
   - C. Nintendo met with Shared Memory to request a voluntary stay pending resolution of the disqualification motion ................................................................5
3. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF NINTENDO'S MOTION TO DISQUALIFY FLOYD & BUSS .............................................5
   - A. Many courts issue protective orders preventing discovery pending resolution of motions to disqualify ...........................................................................................5
   - B. Permitting Floyd & Buss to have access to Nintendo (and AMD) confidential information pending the Court's ruling on the Motion to Disqualify would cause irreparable injury to Nintendo ........................................................................7
4. CONCLUSION .....................................................................................................................9

## TABLE OF AUTHORITIES

Page

**Cases**

*American Plastic Equip. v. Toytrackerz, LLC*, No. 07-2253, 2009 WL 902424
  (D. Kan. March 31, 2009) ............................................................................................... 6

*Augustine v. Family Serv. Soc'y*, No. 96-Civ.-7236,
  1997 U.S. Dist. LEXIS 13535 (S.D.N.Y. 1997) ............................................................ 6

*Concerned Parents of Jordan Park v. Housing Auth. of the City of St. Petersberg, Fla.*,
  934 F.Supp. 406 (M.D. Fla. 1996) ................................................................................. 7

*Gleason v. Zocco*, 941 F.Supp. 32 (S.D.N.Y. 1996) .............................................................. 6

*Hamrick v. Union Twp.*, 81 F.Supp.2d 876 (N.D. Ohio 2000) ............................................. 6

*In Re Potash*, No. 3-93-197, 1994 WL 1108312 (D. Minn. Dec. 5, 1994) ........................... 7

*Lagoven v. Plaza Petroleum, Inc.*, 825 F.Supp. 481 (E.D.N.Y. 1993) ................................. 7

*Misc. Docket No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922 (8th Cir. 1999) ................ 5

*Power Mosfet Tech. v. Siemens*, 378 F.3d 1396 (Fed. Cir. 2004) ......................................... 2

*Stratagene v. Invitrogen Corp.*, 225 F.Supp.2d 608 (D. Md. 2002) ..................................... 6

*Williams v. Kopco, Inc.*, 162 F.R.D. 670 (D. Kan. 1995) ..................................................... 6

**Statutes**

Fed. R. Civ. P. 26(c) ............................................................................................................... 5

**1. INTRODUCTION**

Nintendo filed a Motion to Disqualify counsel for Shared Memory. The Motion seeks to disqualify Floyd & Buss on the grounds that: (1) Floyd & Buss partner Kent Cooper obtained Nintendo confidential information relating to the very chips at issue in this case; and (2) Floyd & Buss is directly adverse in this case to another of its current clients, Advanced Micro Devices, Inc. ("AMD").

At approximately the same time that Nintendo moved to disqualify Floyd & Buss in light of these conflicts, Shared Memory propounded written discovery requests and a Rule 30(b)(6) deposition notice to Nintendo going to the heart of this substantial conflict. For instance, Shared Memory seeks written discovery and deposition testimony from Nintendo pertaining to the design and function of the chips licensed by AMD to Nintendo. Given the manifest prejudice Nintendo would suffer if required to disclose this additional information to a law firm (Floyd & Buss) that Nintendo contends is hopelessly conflicted, Nintendo requested that Shared Memory voluntarily stay discovery against Nintendo until Nintendo's Motion to Disqualify is decided by the Court. Shared Memory refused. Left with little choice, Nintendo files this Motion for Protective Order to prevent the disclosure of additional confidential information to Floyd & Buss pending the Court's decision on Nintendo's Motion to Disqualify.

Nintendo's Motion for Protective Order is entirely reasonable: it seeks only a temporary stay on discovery against Nintendo while the Court determines the underlying merits of Nintendo's Motion to Disqualify. Nintendo's requested stay does *not* seek to put the case into cryogenic suspension pending the resolution of Nintendo's Motion to Disqualify. Quite the contrary: Nintendo believes that the parties can, and should, proceed with all due speed through all of the various tasks relating to the litigation of this patent case, save discovery of Nintendo's confidential

information. For instance, claim construction can proceed without a glitch resulting from Nintendo's requested stay. Shared Memory does not need Nintendo's confidential information to *fully* engage in claim construction.[1] Indeed, under the Northern District of California and the Eastern District of Texas local patent rules, a patent plaintiff is *required* to disclose its infringement theory *before receiving any discovery*. Moreover, trial is not imminent, discovery has just opened, and there are no looming motion cut-off dates. In short, no prejudice will befall Shared Memory by a short delay in receiving Nintendo's confidential information while the Court determines whether Floyd & Buss has a disabling conflict of interest.

By contrast, Nintendo will be substantially prejudiced if required to turn over confidential information to a law firm that, as set forth in Nintendo's Motion to Disqualify, is conflicted and should not be participating in this case. Nintendo's production of highly confidential information—including its source code—will exacerbate the unfair advantage gained by Floyd & Buss in being, for all intents and purposes, on both sides of this case. As such, Nintendo respectfully requests that the Court stay discovery against Nintendo until such time as the Court rules on Nintendo's pending Motion to Disqualify.

## 2. FACTS

### A. Nintendo's Motion to Disqualify Floyd & Buss.

Nintendo's Brief supporting its Motion to Disqualify (Dkt. # 167) discusses in detail the nature of the conflicts of interest that require Floyd & Buss to be disqualified. In summary, the facts compelling Floyd & Buss' disqualification are:

---

[1] "A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device." *Power Mosfet Tech. v. Siemens*, 378 F.3d 1396, 1408 (Fed. Cir. 2004) (emphasis added).

- Shared Memory alleges that Nintendo's Wii and GameCube products infringe Shared Memory's patents. Specifically, Shared Memory alleges that Nintendo's Wii infringes its patents by using "NEC graphics processing chips in conjunction with additional off-chip frame buffer memory elements." *See* Dkt. # 167 at p. 2.

- Despite Shared Memory's characterization of the chip as an "NEC graphics processing chip[]," in fact, the chip at the center of Shared Memory's allegations against the Wii is the Hollywood chip. The Hollywood chip was designed by ATI Technologies, Inc. ("ATI") in connection with a development agreement between ATI and Nintendo. *See* Dkt. # 167 at p. 3.

- AMD acquired ATI in 2006. The development agreement between ATI and Nintendo now runs between AMD and Nintendo, including all royalty payment and indemnity obligations. *See* Dkt. # 167 at pp. 3-4.

- For nearly a decade, Floyd & Buss partner Kent Cooper was an in-house lawyer at AMD. His title was Director of Patents & Licensing at AMD. *See* Dkt. # 167 at p. 4.

- While Cooper was Director of Patents & Licensing at AMD, AMD and Nintendo entered into a joint defense agreement in connection with a patent litigation matter called "*Lonestar*" in which a plaintiff alleged that the Hollywood chip—the same chip that is at issue in this case—infringed Lonestar's patent. AMD indemnified Nintendo in *Lonestar*. AMD and Nintendo, pursuant to the joint defense agreement between them, shared highly confidential information, including: drafts of presentations to be made to the Court; drafts of case-critical briefs; strategies regarding document production, discovery, settlement and negotiation; deposition strategies; and the selection of potential expert witnesses. Cooper received this attorney-client confidential information. *See* Dkt. # 167 at pp. 5-7.

- Floyd & Buss has an ongoing attorney-client relationship with AMD. Floyd & Buss currently represents AMD in a case captioned *Advanced Micro Devices v. Samsung,* pending in the Northern District of California. *See* Dkt. # 167 at pp. 4-5.

Based on these facts, Nintendo contends that Floyd & Buss must be disqualified because of (1) its possession of Nintendo confidential, attorney-client communications, and (2) Floyd & Buss's direct conflict with their current client AMD. Nintendo filed its Motion to Disqualify on April 22 (and filed its supporting Brief under seal on April 27). Nintendo stipulated to Shared Memory's request for additional time to file an opposition until May 21, 2010.

B.  **Shared Memory's pending discovery seeks Nintendo confidential information.**

On the same day Nintendo moved to disqualify Floyd & Buss, Shared Memory propounded written discovery to Nintendo. The discovery included forty-two requests for admissions, twenty-six interrogatories, and twenty document demands. *See* Hamilton Decl. in Support of Motion for Stay ("Hamilton Decl.") at pp. 3-22.[2] The discovery seeks *highly* confidential Nintendo information relating to the structure, design and function of the accused products, and to Nintendo's sales of those products. For instance, the discovery seeks all of Nintendo's source code, schematics and block diagrams showing the "operation and connectivity" of the accused products. *See, e.g.,* Hamilton Decl. at pp. 13-14. The discovery also seeks the "microarchitectural specifications" for the accused Nintendo products, along with the software development kit and "all other programming or developer guides for the" accused Nintendo products. *See, e.g., id.* This data is among Nintendo's *most highly confidential and proprietary information.* As a technology company, no information is more closely held than these materials. In addition to Nintendo confidential information, much of the requested discovery includes confidential documents from Floyd & Buss's current client AMD.

On May 6, 2010, Shared Memory served via email, a deposition notice pursuant to Rule 30(b)(6) requesting more than 30 topics of testimony (not including the numerous subparts). Hamilton Decl. at 23-33. The requested areas of testimony, like the written discovery requests, cover virtually every aspect of Nintendo's accused products in general and the accused Hollywood chip in particular, as well as Nintendo's financial information. As with the written discovery, much of the knowledge on these topics resides at Floyd & Buss's client, AMD.

---

[2]  Shared Memory propounded the written discovery to both Nintendo Co., Ltd. and Nintendo of America Inc. Thus, the ten requests for production are really twenty; the twenty-one requests for admissions are really forty-two; and the thirteen interrogatories are really twenty-six.

**C.     Nintendo met with Shared Memory to request a voluntary stay pending resolution of the disqualification motion.**

The parties have conferred in good faith and cannot resolve this issue without the intervention of the Court.  In light of the highly sensitive and confidential nature of the discovery requested, and in light of the pending Motion to Disqualify, counsel for Nintendo reached-out to counsel for Shared Memory to attempt an informal resolution of this motion.  On May 6, and again on May 10, Nintendo's counsel requested that Shared Memory stipulate to stay discovery to Nintendo pending the determination of the Motion to Disqualify.  Shared Memory's counsel refused, stating that he did not believe there was a conflict and planned to oppose Nintendo's Motion for a Protective Order.  He did not offer any further substantive justification.  Kinsel Decl. at ¶¶ 2-3.

**3.     DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF NINTENDO'S MOTION TO DISQUALIFY FLOYD & BUSS.**

**A.     Many courts issue protective orders preventing discovery pending resolution of motions to disqualify.**

Issuance of a protective order is within the broad discretion of the Court.  Upon a showing of good cause, the Court may order a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Misc. Docket No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citations omitted) (affirming quashing of subpoena based upon irrelevancy and harm to the deponent).

When a motion to disqualify counsel is pending, discovery should be stayed pending resolution of the motion. *Williams v. Kopco, Inc.*, 162 F.R.D. 670, 671-72 (D. Kan. 1995) (staying

discovery because "[t]he mere allegation of such an attorney-client conflict of interest is sufficient to stay discovery until the district court resolves the issue of conflict of interest."). A protective order is particularly appropriate when counsel's continued representation may result in the use of a party's own confidential information against that party. This is the case because permitting the conflicted attorneys to have access to confidential information while the motion to disqualify is pending is essentially a denial of the motion to disqualify.

For instance, in granting a discovery stay pending resolution of a motion to disqualify, the court in *Augustine v. Family Serv. Soc'y*, No. 96-Civ.-7236, 1997 U.S. Dist. LEXIS 13535, at *1 (S.D.N.Y. 1997) (attached to the Hamilton Decl. at p. 34) stated, "[p]laintiff's disqualification motion is based on plaintiff's contention that defendant's counsel formerly represented plaintiff and that counsel's continued representation of defendant in this matter may result in the use of plaintiff's confidential information against him. If plaintiff's contentions are found to have merit, permitting deposition discovery to proceed at this time may result in irreparable injury to plaintiff."

As such, courts routinely stay discovery pending resolution of a motion to disqualify counsel. *See, e.g., American Plastic Equip. v. Toytrackerz, LLC*, No. 07-2253, 2009 WL 902424 at *4 (D. Kan. March 31, 2009) (noting that "the Court stayed all pretrial proceedings, including discovery … pending a ruling on the Motion to Disqualify and Defendant's Motion for Summary Judgment."); *Stratagene v. Invitrogen Corp.*, 225 F.Supp.2d 608, 609-10 (D. Md. 2002) (noting that "the court granted a motion to stay all further action in the case pending the resolution of [Plaintiff's Motion to Disqualify]."); *Hamrick v. Union Twp.*, 81 F.Supp.2d 876, 880 (N.D. Ohio 2000) (noting that "meaningful discovery has been stayed pending the outcome of Defendants' Motion to Disqualify"); *Gleason v. Zocco*, 941 F.Supp. 32, 36 (S.D.N.Y. 1996) (noting that discovery had been stayed pending the resolution of a motion to disqualify filed early in the action); *Concerned Parents of Jordan Park v. Housing Auth. of the City of St. Petersberg, Fla.*, 934 F.Supp. 406, 411 (M.D. Fla. 1996) (lifting

"[d]iscovery stays imposed due to the pendency of the Motion to Disqualify"); *In Re Potash*, No. 3-93-197, 1994 WL 1108312 at *2 (D. Minn. Dec. 5, 1994) (noting that "[n]ecessarily, in considering [a motion to disqualify], the Court entered a stay of discovery…."); *Lagoven v. Plaza Petroleum, Inc.*, 825 F.Supp. 481, 485 (E.D.N.Y. 1993) (noting that the Magistrate had "stayed all discovery until this court decided whether to disqualify Haight Gardner or to lift the stay.").

B.  **Permitting Floyd & Buss to have access to Nintendo (and AMD) confidential information pending the Court's ruling on the Motion to Disqualify would cause irreparable injury to Nintendo.**

At the very heart of Nintendo's Motion to Disqualify is the unfair advantage Floyd & Buss gains by pursuing Nintendo while in possession of both AMD *and* Nintendo confidential, attorney-client information. Permitting Floyd & Buss to have yet more highly confidential information only exacerbates this problem.

Perhaps the clearest example of the problem is exemplified by the requested production of, and deposition testimony regarding, Nintendo sales and other damages-related information. As described in detail in Nintendo's Motion to Disqualify, while Floyd & Buss partner Cooper was at AMD, Cooper was given access to Nintendo's highly confidential settlement-related information.[3] *See* Dkt. # 167 at pp. 6-7. Cooper's direct report attended a confidential mediation at which these issues were discussed in detail, and the information was relayed to Cooper. *See id*. As such, Cooper has information tending to show Nintendo's view on settlement negotiations, at least as of the time of the *Lonestar* case. Now Floyd & Buss seek additional information—both in writing and through deposition testimony—relating to this very subject. Permitting Floyd & Buss to leverage Cooper's inside information with additional discovery received from Nintendo, puts Nintendo at a significant and unfair disadvantage.

---

[3] Nintendo does not recite the details of the confidential information in this Brief. The details can be found in Nintendo's Brief in Support of its Motion to Disqualify, which was filed under seal. *See* Dkt. # 167 at pp. 6-7.

Moreover, there will be no way to get the horse back in the barn once the information is given to Floyd & Buss. This is particularly prejudicial in light of the sensitive nature of the discovery requested, such as Nintendo's source code. If, as Nintendo believes, Floyd & Buss have a disabling conflict requiring disqualification from this case, Nintendo should not be required to provide its most highly guarded, sensitive information to them. The damage—and substantial damage at that—will be done before the Court has an opportunity to weigh-in on the merits of Nintendo's Motion to Disqualify.

Put differently, requiring Nintendo to respond to discovery is tantamount to denying Nintendo's Motion to Disqualify without the Court having an opportunity to consider it. This is so because it is undisputed that if Nintendo is correct that Floyd & Buss must be disqualified (as Nintendo believes), then Floyd & Buss would not be permitted to see Nintendo's confidential discovery materials. Entertaining the assumption that Floyd & Buss are conflicted and must be disqualified, it is unthinkable that Floyd & Buss would have access to Nintendo's source code and other highly confidential materials. Yet, giving Floyd & Buss access to these very materials while the Motion to Disqualify is pending is as good as denying the Motion to Disqualify.

This problem is made even worse by Shared Memory's recent request for depositions. Permitting Floyd & Buss to depose Nintendo witnesses based on confidential attorney-client materials that Cooper obtained while working for AMD would be manifestly unfair. And if this Motion for Protective Order is denied and the deposition is permitted to go forward, when the Court grants Nintendo's Motion to Disqualify, it will be too late: Nintendo will have already suffered the very prejudice it sought to avoid by the Motion to Disqualify.

In contrast to the substantial prejudice Nintendo will suffer if this Motion for Protective Order is denied, Shared Memory will suffer *no prejudice at all* if it is granted. Discovery has only just opened on April 22, 2010. No discovery cut-off dates or other motion dates are looming.

Moreover, nothing would prevent Shared Memory from pursuing discovery from the other defendants, and nothing would prevent Shared Memory from completing the claim construction process while discovery is stayed as to Nintendo.  In short, if the Motion for Protective Order is granted, Shared Memory will be, at most, moderately inconvenienced by not getting the discovery on the exact schedule that it wants.  If the Motion for Protective Order is denied, however, Nintendo will be irreparably harmed, forcing Nintendo to give its company jewels to a law firm whom Nintendo contends is laboring under a disabling conflict of interest.

**4.    Conclusion**

For all of the reasons stated herein, Nintendo requests that the Court grant Nintendo's Motion for a Protective Order and stay all discovery on Nintendo until thirty days after the Court rules on Nintendo's Motion to Disqualify.

Respectfully submitted,

Dated:  May 10, 2010,

By:  /s/  *Grant Kinsel*

| | |
|---|---|
| Grant E. Kinsel (SBN 172407) (*pro hac vice*) | Marshall S. Ney |
| Joseph P. Hamilton (SBN 211544) (*pro hac vice*) | **MITCHELL, WILLIAMS, SELIG,** |
| **PERKINS COIE LLP** | **GATES & WOODYARD, P.L.L.C.** |
| 1888 Century Park East | 5414 Pinnacle Point Dr., Suite 500 |
| Suite 1700 | Rogers, AR 72758-8131 |
| Los Angeles, CA 90067 | Tel:       (479) 464-5653 |
| Tel:       310.788.9900 | Fax:      (479) 464-5683 |
| Fax:      310.788.3399 | E-Mail:   mney@mwlaw.com |
| E-mail:   gkinsel@perkinscoie.com | |

**ATTORNEYS FOR NINTENDO OF AMERICA INC. AND NINTENDO CO., LTD**

CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Kevin A. Crass**
  crass@fec.net

- **Nicholas H. Patton**
  nickpatton@texarkanalaw.com

- **Damon Young**
  dyoung@youngpickettlaw.com

- **Steven W. Quattlebaum**
  quattlebaum@qgtb.com

- **Brandon B. Cate**
  bcate@qgtb.com

- **Geoffrey P. Culbertson**
  gpc@texarkanalaw.com

- **Carly Slack Anderson**
  canderson@texarkanalaw.com

- **Kent J. Cooper**
  kcooper@fblawllp.com

- **Adam Vincent Floyd**
  afloyd@fblawllp.com

- **Joseph Daniel Gray**
  jgray@fblawllp.com

- **H. Kenneth Prol**
  kprol@fblawllp.com

- **Timothy Teter**
  tteter@cooley.com

- **Benjamin Damstedt**
  bdamstedt@cooley.com

- **Iain Robert Cunningham**
  icunningham@cooley.com

- **Matthew Jacob Faust**
  mfaust@kenyon.com

- **Michelle Carniaux**
  mcarniaux@kenyon.com

- **Lewis V. Popovski**
  LPopovski@kenyon.com

- **Richard S. Gresalfi**
  RGresalfi@kenyon.com

- **Darin Glasser**
  dglasser@omm.com

- **Ryan Yagura**
  ryagura@omm.com

- **Michael Myers**
  mmyers@omm.com

- **George Riley**
  griley@omm.com

- **Jamie Goss Dempsey**
  jdempsey@qgtb.com

- **Reese Patrick McKnight**
  rmcknight@fblawllp.com

- **Nicholas Alfred Schuneman**
  nschuneman@fblawllp.com

- **Matthew S. Wermager**
  mwermager@fblawllp.com

- **John M. Pickett**
  Jpickett@youngpickettlaw.com

- **Michael J. Smith**
  msmith@fblawllp.com

                                          /s/ *Grant Kinsel*
                                          Grant E. Kinsel