# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| SHARED MEMORY GRAPHICS LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 5:09cv5128 (BSM) |
| | § | |
| APPLE INC., *et al.*, | § | |
| | § | |
| Defendants | § | |

## SHARED MEMORY GRAPHICS LLC'S BRIEF IN SUPPORT OF MOTION TO UNSEAL PORTIONS OF NINTENDO'S BRIEF IN SUPPORT OF MOTION TO DISQUALIFY F&B

On April 22, 2010, Nintendo Co. Ltd. and Nintendo of America Inc. (collectively "Nintendo") filed their motion to disqualify counsel for Shared Memory Graphics LLC ("SMG") from this case along with a sealed brief and supporting documents.  Since that time, Nintendo has refused to provide a redacted copy of its brief to the Court, to SMG or to the public-at-large. Nintendo has not provided good cause for its secrecy.  Moreover, Nintendo's secrecy deprives SMG of the non-confidential, *legal* arguments for disqualifying its chosen counsel from this case.  Therefore, SMG respectfully requests that the Court unseal the non-confidential portions of Nintendo's brief and order Nintendo to provide a redacted copy of its brief.

## I.     BACKGROUND

On April 22, 2010, Nintendo filed a motion to disqualify F&B as counsel for SMG and also a motion for leave to file its supporting brief and attached materials under seal (the "Motion").  Later that day, counsel for SMG requested a copy of the materials Nintendo proposed to file under seal so that SMG could determine whether or not it would oppose Nintendo's motion to seal.  SMG reiterated this request on April 26, 2010, after receiving no response from Nintendo, and Nintendo refused SMG's request later that day.

On April 27, 2010, the Court issued its order granting Nintendo permission to file its brief and supporting appendices under seal.  SMG had no opportunity to challenge the propriety of Nintendo's motion to seal.  On May 10, 2010, SMG requested that Nintendo voluntarily file a copy of its brief publicly with only truly confidential information redacted.  This request was subsequently reiterated on May 11th and May 12th.  Ultimately, Nintendo refused to file a redacted copy of its brief.  Now, having reviewed Nintendo's brief and requested voluntary corrective action, SMG seeks the assistance of the Court.  The majority of Nintendo's brief is not confidential and should not be under seal.  Moreover, Nintendo's secrecy is unfair to SMG as

SMG does not even know the *legal* basis for Nintendo's motion to disqualify its attorneys of choice. Therefore, SMG respectfully requests that the Court unseal the non-confidential portions of Nintendo's brief and order Nintendo to file publicly a version of the brief which redacts only truly confidential information.

## II.   LEGAL STANDARDS

The United States Supreme Court recognizes that the public has a common-law right to access materials in judicial proceedings. *See, e.g. Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 5598-599 (1978). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. Likewise, in the Eight Circuit, there is a presumption of in favor of public access to the records of the courts. *U.S. v. McDougal*, 103 F.3d 651 (8th Cir. 1996). Indeed, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006).

Moreover, the First Amendment to the Constitution guarantees the public's right to access judicial records and documents. *See In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 573-574 (8th Cir. 1988) (holding that the right of public access to judicial documents provided by the First Amendment applies to documents supporting a search warrant); *In re Iowa Freedom of Information Council*, 724 F.2d 658, 661 (8th Cir. 1983) (holding that the First Amendment protects the right of the public to access contempt proceedings in civil cases); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d. Cir. 1984) ("[T]he public's right of access to civil trials and records is as well established as that of criminal proceedings and records."); *Doe v. Stegall*, 653 F.2d 180, 185 n.10 (5th Cir. 1981) (acknowledge

First Amendment right to access to civil proceedings).  Thus, the public's right to access judicial proceedings and records is simply "beyond dispute."  *Publicker*, 733 at 1066.

When a request to seal a court filing is made, the court has an obligation to weigh the litigants need for secrecy against the public's common law and Constitutional rights to know what is going on in the courts.  *See J.B. Hunt Transp., Inc. v. Freightliner Corp.*, No. 07-5235, 2008 WL 110915, at *1 (W.D. Ark. Jan 9, 2008) (unpublished); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978).  Judicial records should be available to the public absent good cause for sealing specific documents, and it is preferred that when a document contains both confidential and non-confidential information that the confidential information be redacted as opposed to placing the entire document under seal.  *See U.S. v. St. Edward Mercy Med. Ctr.*, No. 05-899, 2007 WL 60936, at * 2 (E.D. Ark. Jan. 5, 2007) (unpublished).  Under the protection of the First Amendment, a document can only be sealed upon findings that sealing is necessary and why less restrictive alternatives, such as redaction, are not appropriate.  *Cf., e.g. In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).  The long-standing presumption of openness can only be overcome by an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984).  Moreover, the protected interest must be articulated with specific findings such that a reviewing court can determine whether the closure order was properly entered.  *Id.*

## III.    ARGUMENT

### A.    Nintendo's Motion To Seal Fails To Offer Any Justification for Confidentiality

Nintendo's Motion does not provide specific reasons justifying sealing any, much less all, of its contents..  Nintendo's motion offers absolutely no justification for abridging the common-law and First Amendment right of the public access to judicial records discussed above.  Instead, Nintendo's motion contains the perfunctory language criticized by the courts when evaluating whether there is good cause for a protective order under Rule 26(c).  *See, e.g. General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (stating that a protective order under Rule 26(c) requires a showing of good cause and not "stereotyped and conclusory statements"); *Equal Employment Opportunity Comm'n v. Bi-State Dev. Agency*, 662 F.2d 486, 488 (8th Cir. 1981) (stating that a protective order under Fed. R. Civ. P. 26(c) is available upon motion and showing of good cause).  Indeed, Nintendo did not even *allege* that good cause existed for its Motion.

Instead, Nintendo offered the following two following broad, unsubstantiated, and conclusory assertions:

> "Nintendo makes this motion on the grounds that the foregoing documents contain Nintendo's confidential and proprietary business information.  This request is made in good faith in an effort to maintain the confidentiality of the information."

These two paragraphs represent the *entirety* of Nintendo's support for its motion to seal.  Such short shrift cannot warrant supplanting the public's common-law and First Amendment rights of access to judicial records.

Third Circuit precedence contains a well-developed analysis of the requirements for the confidentiality of judicial filings and the analogous "good cause" requirement of Rule 26(c).  For

example, in *Pansy v. Borough of Stroudsburg,* the court stated that good cause must be established by showing "that disclosure will work a clearly defined and serious injury to the party seeking closure."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Thereafter, the court enumerated several factors for consideration in deciding whether or not the public's right of access should yield to private interests.  In particular, the *Pansy* court noted issues of public concern weigh against imposing or maintaining an order imposing confidentiality.  23 F.3d at 788.

      This factor is particularly relevant for the purposes of this motion.  The legal arguments in Nintendo's motion to disqualify F&B could have far reaching effects on the practice of law and notions of conflicts.   In fact, taken to their fullest extent, the arguments advanced by Nintendo in its motion to disqualify would likely result in many disqualifying conflicts for its lead counsel, Perkins Coie, as well as Nintendo's in-house counsel.[1]  SMG believes that this unpleasant possibility spawned Nintendo's desire to file its brief under seal in order to bury Nintendo's exceptional position.  In view of these potentially dramatic repercussions, at least two media outlets (Ex. A and Ex. B) (and countless links thereto) have run stories on Nintendo's motion to disqualify, and attorneys from large law firms, such as Weil Gotshal & Manges and K&L Gates, have commented in connection with Nintendo's motion.  *See* Ex. B.  Thus, the public, in particular the legal public, possesses a strong interest in accessing Nintendo's brief in support of its motion to disqualify, which weighs in favor of unsealing Nintendo's brief.

---

[1] Ironically, given the fact that Nintendo filed its entire brief under seal, SMG cannot fully elaborate on the potential ramifications of Nintendo's legal arguments without filing this motion to unseal under seal.

### B.    SMG Will Be Harmed If Nintendo's Brief Is Not Unsealed

SMG's interests in this case and the resolution of Nintendo's motion to disqualify further justify unsealing Nintendo's brief.  "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved."  *Macheca Trans. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006).  Because Nintendo filed its motion to disqualify F&B under seal for "attorney's eyes only," <u>SMG cannot review the alleged basis for the disqualification of its counsel</u>.  Given the importance of the right to counsel in the American judicial system, depriving SMG of its chosen counsel without permitting SMG to review even the <u>legal arguments</u> for such deprivation is unjust.  Nintendo picked this fight, attempting to delay this case and deprive SMG of its right to counsel of its choice.  Therefore, Nintendo cannot preclude SMG from understanding why its counsel allegedly possesses a conflict.  As a party to this case, SMG is entitled to be informed of and participate in these proceedings.  This fact, coupled with its right to counsel of its choice, mandates that the non-confidential portions of Nintendo's brief be unsealed.

## IV.    CONCLUSION

Nintendo's legal arguments in its motion to disqualify do not constitute confidential information.  Given the gravity of Nintendo's motion, the public, in particular the legal public, has a right to access and potentially comment on Nintendo's sweeping motion.  Moreover, as a party to this litigation and, SMG is entitled to review Nintendo's brief and know the basis for Nintendo's motion .  Therefore, the Court should unseal the non-confidential portions of Nintendo's brief and order it to file a brief redacting only legitimately confidential material.

Dated:  May 12, 2010

Respectfully submitted,

SHARED MEMORY GRAPHICS, LLC

By Counsel

| | |
|---|---|
| *Of Counsel* | /s/ Reese P. McKnight |

| | |
|---|---|
| Adam V. Floyd | Nicholas H. Patton |
| Kent J. Cooper | AR Bar No. 63035 |
| H. Kenneth Prol | Geoffrey P. Culbertson |
| Matthew S. Wermager | **PATTON, TIDWELL & SCHROEDER, L.L.P.** |
| Michael J. Smith | 4605 Texas Boulevard |
| Reese P. McKnight | P.O. Box 5398 |
| **FLOYD & BUSS, LLP** | Texarkana, Texas 75505-5398 |
| 5113 Southwest Parkway, Suite 140 | Telephone:  903/792-7080 |
| Austin, TX  78735 | Facsimile  :  903/792-8233 |
| Tel:  (512) 681-1500 | nickpatton@texarkanalaw.com |
| Fax:  (512) 681-1590 | |
| rmcknight@fblawllp.com | ***ATTORNEYS FOR PLAINTIFF*** |
| | ***SHARED MEMORY GRAPHICS, LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 12th day of May, 2010.

_/s/ Abbey Epley_____
Abbey L. Epley
Paralegal
Floyd & Buss LLP