UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| SHARED MEMORY GRAPHICS LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | No. 5:09cv5128 |
| APPLE INC., et al, | § § | |
| Defendants | § § | |

JOINT DISCOVERY REPORT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1, Plaintiff Shared Memory Graphics LLC ("SMG") and Defendants Apple Inc. ("Apple"); Samsung Electronics Co., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"); Nintendo of America Inc. and Nintendo Co., Ltd. (collectively, "Nintendo"); and Sony Corporation of America, Sony Computer Entertainment America LLC, Sony Corporation, Sony Computer Entertainment Inc., and Sony Semiconductor Kyushu Corporation Ltd. (collectively, "Sony") submit this joint report. For the Court's convenience, the numbered paragraphs in this report correspond to the numbered items in Local Rule 26.1.

The Plaintiff in this case is "SMG" which refers to and includes Shared Memory Graphics, LLC.

The Defendants in this case are: "Apple" which refers to and includes Apple Inc.; "Nintendo" which refers to and includes Nintendo of America Inc. and Nintendo Co., Ltd.; "Samsung" which refers to and includes Samsung Electronics Co., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC; and, "Sony" which refers to and includes Sony Corporation of America, Sony Computer Entertainment America LLC,[1] Sony Corporation, Sony Computer Entertainment Inc., and Sony Semiconductor Kyushu Corporation Ltd.  Each of Apple, Nintendo, Samsung, and Sony is to be treated as a single defendant, or "party," for purposes of the discovery limitations set forth below.  As used herein, "Defendants" shall mean all defendants in this case.

1. The parties do not propose any change in the timing, form, or requirements of mandatory disclosures under Rule 26(a), other than as reflected in the item numbered 2, below.

2. Date when mandatory disclosures were or will be made:

    a. SMG's Statement: SMG believed that the parties would exchange Rule 26(a)(1) initial disclosures on May 6, 2010, fourteen days after the parties held their Rule 26(f) conference.  To that end, SMG served its initial disclosures on May 6, 2010.  No stipulation was entered into by the parties.

    b. Defendants' Statement:  Defendants note that on April 22, 2010, SMG proposed that the parties exchange Rule 26(a)(1) initial disclosures on May 12, 2010.  On May 5, 2010, Defendants provided a proposed Docket Control Order that identified the deadline for Rule 26(a)(1) initial disclosures as May 12, 2010.  Defendants will serve their Rule 26(a)(1) initial disclosures on May 12, 2010.

    c. The parties' proposed Docket Control Orders are set forth in Exhibits 1, 2, and 3.

---

[1] Sony Computer Entertainment America Inc. recently became Sony Computer Entertainment America LLC.

3. Topics for discovery:

    a. SMG's Statement:  Although the full scope of discovery required will not be known until Defendants provide further details with respect to the products accused of infringement in the complaint, at this time, SMG believes that discovery into the following topics will be needed:

        i. the design and development of the accused products;

        ii. the function, operation, and performance of the accused products;

        iii. sales, costs, and profits relating to the accused products;

        iv. established royalty rates or a reasonable royalty rate for infringement of the patents-in-suit;

        v. Defendants' decision to manufacture, import, offer for sale, and sell the accused products;

        vi. alleged prior art;

        vii. the factual bases underlying Defendants' arguments, if any, that the patents-in-suit are invalid or unenforceable;

        viii. the meaning of certain claim terms to a person of ordinary skill in the art at the time of the alleged invention;

        ix. the level of skill that a "person of ordinary skill" in the art would have had at the time the alleged invention was made;

        x. Defendants' affirmative defenses and counterclaims.

    b. Defendants' Statement: Although the full scope of discovery required will not be known until SMG provides further details with respect to the allegations in its complaint, at this time Defendants believe that discovery into the following topics will be needed:

        i. the conception and reduction to practice of the claimed subject matter of the patents-in-suit;

        ii. the meaning of certain claim terms to a person of ordinary skill in the art at the time of the alleged invention;

        iii. the level of skill that a "person of ordinary skill" in the art would have had at the time the alleged invention was made;

        iv. the state of the art at the time the alleged invention was made;

3

      v.    whether the asserted claims are anticipated or made obvious by the prior art;

     vi.    the technological feasibility of the claimed subject matter;

    vii.    the unenforceability of the asserted patents;

   viii.    the applicability of the equitable doctrines of laches and estoppel;

     ix.    the transfer of the patents in suit from the original assignees;

      x.    the amount of damages that would suffice to compensate SMG if any liability is found;

     xi.    facts regarding the basis for SMG's allegation of willful infringement.

4. The parties anticipate that this case will involve production of electronically stored information ("ESI").

   a. The parties have agreed that production of ESI will be limited to data reasonably accessible to the parties in the ordinary course of business unless the requesting party makes a showing of good cause why further discovery of ESI is warranted.

   b. The parties do not currently believe that production beyond data reasonably accessible to the parties in the ordinary course of business will be required.

   c. The parties have agreed to the following production procedures:

      i. ESI Production:

         1. SMG's Statement: Unless otherwise agreed in writing, SMG proposes that the parties will produce ESI in either the form requested by the requesting party or as single-page .tiff files (with "load" files). SMG may produce its ESI in the same form for all Defendants.

         2. Defendants' Statement: Apple explained to SMG that Apple's document collection and production system generates .pdf files. Therefore, unless otherwise agreed in writing, Defendants propose that SMG and Defendants will produce ESI in one of the following three formats selected by the producing party: (a) the form requested by the requesting party; (b) as single-page .tiff files (with "load" files); or (c) as .pdf files. SMG may produce its ESI in the same form for all Defendants. SMG may request conversion to .tiff, which shall be done by the producing party if reasonably practicable, provided, however, that SMG must pay 100% of the costs associated with such conversion.

ii. Production of Metadata:

1. SMG's Statement: Production of metadata will be done at the discretion of the producing party, except that emails shall include metadata (date sent, date received, to, from, cc, bcc, parent/child relationship data), other documents shall include filename and custodian, and native files of Excel documents and other spreadsheets and databases shall be produced at the requesting party's request. A party, however, may, upon a showing of good cause, specifically request "native files" or metadata for any other specific document, range of documents, or discrete category of documents. The responding party shall produce the requested "native files" or metadata in response to such specific requests unless the responding party can demonstrate that the request is unduly burdensome. The parties are not required to preserve metadata fields that are frequently updated in the ordinary course of business, such as last-opened dates.

2. Defendants' Statement: Production of metadata will be done at the discretion of the producing party. A party, however, may, upon a showing of good cause, specifically request "native files" or metadata for a specific document, range of documents, or discrete category of documents. The responding party shall produce the requested "native files" or metadata in response to such specific requests unless the responding party can demonstrate that the request is unduly burdensome. The parties are not required to preserve metadata fields that are frequently updated in the ordinary course of business, such as last-opened dates.

iii. Metadata will not be preserved or provided for ESI produced from the files of outside counsel (*e.g.* files produced by counsel after a waiver of the attorney-client privilege).

iv. No other native files will be produced without a showing of good cause by the requesting party.

v. The parties will not be required to restore archival or disaster recovery back-up tapes without a showing of good cause by the requesting party.

vi. The parties are not required to preserve or produce "deleted," "slack," "fragmented," or "unallocated" data.

vii. The parties are not required to preserve or produce random access memory (RAM) or other ephemeral data.

      viii.    The parties are not required to preserve or produce on-line access data such as temporary internet files, history, cache, cookies, *etc.*

      ix.    The parties do not need to produce ESI from PDAs, cell phones, text messages, online chats, voicemails, and similar media absent a showing of good cause.

      x.    To the extent documents stored only in paper format are responsive to discovery requests, those documents may be served in paper format.

  d.  The parties have taken and will continue to take reasonable measures to ensure that discoverable information has not been destroyed or altered.

  e.  The parties anticipate that this case will involve discovery of highly sensitive information, such as source code, as that term will be defined in a protective order. The parties will address the procedures for the production of these highly sensitive materials in the protective order in this case.

5. Date by which discovery should be completed:

  a.  SMG's Statement: SMG proposes that all fact discovery be completed by November 15, 2010.

  b.  Defendants' Statement: As reflected in Defendants' proposed Docket Control Order, filed today, Defendants propose that fact discovery be completed by February 1, 2011. Defendants propose that liability and damages be bifurcated, and that damages discovery and a damages trial take place—if necessary— after a trial on liability.

  c.  Nintendo's Statement: Nintendo joins in Defendants' proposal and, as reflected in Nintendo's alternative proposed Docket Control Order (Ex. 3), Nintendo alternatively proposes that the completion of fact discovery should be keyed to the issuance of a claim construction order.

6. The parties have agreed to the following limitations on the number of discovery requests.

  a.  The parties agree that the limitations set forth in the Federal Rules shall apply to discovery, except as to limits on depositions specified in Section 6(c) below.

  b.  E-mail Service – The parties agree that all pleadings, including discovery, may be served via e-mail to the following designated e-mail addresses, pursuant to Rule 5(b)(2)(E):

      i.    For SMG: smg@fblawllp.com

      ii.    For Apple: apple09cv5128@cooley.com

      iii.    For Nintendo: Nintendo09CV5128@perkinscoie.com

      iv.    For Samsung:  #samsung-smg-omm@omm.com

      v.    For Sony:  Sony-SMG-Kenyon@kenyon.com

c. Depositions – The parties have agreed to the following limitations and procedures for depositions:

    i.    Each party will provide a technical 30(b)(6) deposition and a separate financial 30(b)(6) deposition.  Each party will identify its respective witness(es) for these depositions at least seven days prior to the depositions date.  Each financial and technical deposition will be limited to 7 hours.  Technical depositions, however, may last up to 14 hours if the deponent designates more than two witnesses to testify on its behalf.  These time limits are subject to Paragraph 6(c)(iii) below.

    ii.    Number of deposition hours:

        1.    SMG's Statement: Each side is entitled to 150 hours of deposition time, including the 30(b)(6) depositions described in Section 6(c)(i) above.  In other words, SMG is entitled to 150 hours of deposition time, and Apple, Sony, Samsung, and Nintendo, collectively, are entitled to 150 hours of deposition time.

        2.    Defendants' Statement: Each side is entitled to 100 hours of deposition time, including the 30(b)(6) depositions described in Section 6(c)(i) above.  In other words, SMG is entitled to 100 hours of deposition time, and Apple, Sony, Samsung, and Nintendo, collectively, are entitled to 100 hours of deposition time.

    iii.    Any deposition taken in a language other than English shall be counted as if it took only 1/2 of the time actually taken in the deposition.  In other words, foreign language depositions may last up to 14 hours (28 hours for the technical Rule 30(b)(6) depositions, if more than two witnesses provide deposition testimony) and shall be applied against the total deposition time limit as if it took only 1/2 of the time actually taken.

d. Interrogatories – The parties have agreed to the following limitations on interrogatories:

    i.    Each party may serve up to 25 interrogatories on the other side.  In other words, SMG may serve up to 25 interrogatories on each of Apple, Sony, Samsung, and Nintendo.  Likewise, Apple, Sony, Samsung, and Nintendo may each serve up to 25 interrogatories on SMG.

e. Requests for Admissions – The parties disagree on the following proposed limitation on requests for admissions:

      i. SMG's Statement: SMG proposes that each party may serve up to 75 requests for admissions on the other side. Each party may request additional requests for admission, but the party seeking to serve more than 75 requests for admissions bears the burden of showing that the additional requests are reasonable.

      ii. Defendants' Statement: Defendants propose that each party may serve up to 75 substantive requests for admission on the other side under FRCP 36(a)(1)(A). Defendants propose that the default under the Federal Rules of no express limit on the number of requests for admission be applied for authentication-related requests for admission under FRCP 36(a)(1)(B).

  f. Privilege Logs – The parties have agreed that materials generated after the filing of the earliest complaint in this action do not need to be included on their respective privilege logs.

7. The parties believe that a protective order is required in this case due to the anticipated production or disclosure of highly confidential and sensitive information.

  a. The parties propose submitting an agreed upon protective order to the Court by May 19, 2010, or, if an agreement cannot be reached, submitting competing proposed protective orders along with a supporting brief no later than May 19, 2010.

      i. SMG's Statement: SMG proposes that until a protective order is agreed to by the parties or entered by the Court (whichever is first), all discovery responses and productions be treated as outside-counsel's eyes only.

      ii. Defendants' Statement: In light of the highly sensitive nature of the discovery that SMG seeks, including in the form of documents, interrogatories, requests for admission, and testimony, Defendants request the entry of a Court-approved Protective Order (or one that is agreed upon by the parties) prior to disclosing confidential material to SMG.

  b. The parties agree that Federal Rule of Evidence 502, including Rule 502(e), shall govern any inadvertent waiver of attorney-client privilege or attorney work-product and be incorporated into a court order.

8. The parties have no objections to initial disclosures.

9. Trial Date:

  a. SMG's Statement: SMG does not object to trial beginning on April 11, 2011.

  b. Defendants' Statement: Defendants propose a trial on liability beginning on October 14, 2011, as reflected in Defendants' proposed Docket Control Order, attached hereto as

Exhibit 2.  Nintendo joins in Defendants' proposal and alternatively proposes that a trial date be keyed off of the Court's claim construction order, as described in Nintendo's alternative Docket Control Order (Ex. 3).

10. Proposed deadline for joining other parties and amending the pleadings:

   a. SMG's Statement:  SMG proposes that the deadline for joining other parties and amending pleadings be August 2, 2010.

   b. Defendants' Statement:  Defendants propose that the deadline for joining other parties and amending pleadings be May 26, 2010.

11. Proposed deadline for completing discovery:

   a. SMG's Statement:  SMG proposes that the deadline for completing all discovery be January 14, 2011.

   b. Defendants' Statement:  Defendants propose that the deadline for completing all discovery on liability be July 1, 2011.

   c. Nintendo's Statement:  Nintendo joins in Defendants' proposal and proposes as an alternative that the deadline for completing all discovery should be keyed to the issuance of the Court's claim construction order, as described in Nintendo's alternative Docket Control Order (Ex. 3).

12. Proposed deadline for filing motions other than motions for class certification.

   a. SMG's Statement:  SMG proposes that the deadline for filing motions other than class certification and discovery motions be March 11, 2011.

   b. Defendants' Statement:  Defendants propose that the deadline for filing motions other than class certification and discovery motions be September 2, 2011 for issues of liability.

   c. Nintendo's Statement:  Nintendo joins in Defendants' proposal and proposes as an alternative that the deadline for filing motions should be keyed to the issuance of the Court's claim construction order, as described in Nintendo's alternative Docket Control Order (Ex. 3).

13. Class Certifications – N/A.

Dated:  May 12, 2010            Respectfully submitted,

SHARED MEMORY GRAPHICS, LLC

By Counsel

*Of Counsel*           */s/ H. Kenneth Prol (with permission)*

| | |
|---|---|
| Adam V. Floyd | Nicholas H. Patton |
| Kent J. Cooper | AR Bar No. 63035 |
| H. Kenneth Prol | Geoffrey P. Culbertson |
| Matthew S. Wermager | PATTON, TIDWELL & SCHROEDER, L.L.P. |
| Michael J. Smith | 4605 Texas Boulevard |
| Reese P. McKnight | P.O. Box 5398 |
| FLOYD & BUSS, LLP | Texarkana, Texas 75505-5398 |
| 5113 Southwest Parkway, Suite 140 | Telephone:  903/792-7080 |
| Austin, TX  78735 | Facsimile  :  903/792-8233 |
| Tel:   (512) 681-1500 | nickpatton@texarkanalaw.com |
| Fax:  (512) 681-1590 | |
| kprol@fblawllp.com | ***Attorneys for Plaintiff Shared Memory Graphics, LLC*** |

APPLE INC.

*/s/ Timothy S. Teter*

Timothy S. Teter (CA #171451)
Benjamin G. Damstedt  (CA #230311)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone:  (650) 843-5000
Fax:     (650) 857-0663
teterts@cooley.com
bdamdstedt@cooley.com
cunninghami@cooley.com

Kevin A. Crass (84029)
Friday, Eldredge & Clark LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522

10

Phone:  (501) 376-2011
crass@fec.net

***Attorneys for Defendant Apple Inc.*** 

SAMSUNG ELECTRONICS CO., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

*/s/ Darin Glasser (with permission)*

Darin J. Glasser (CA #223788)
dglasser@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, California  92660
Telephone:        (949) 760-9600
Facsimile:(949) 823-6994

Damon Young (Ark. Bar No. 64050)
YOUNG, PICKETT & LEE
4122 Texas Boulevard
Texarkana TX 75503
(903) 794-1303
dyoung@youngpickettlaw.com

***Attorneys for Defendants Samsung Electronics Co., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC***

SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY COMPUTER ENTERTAINMENT INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., AND SONY SEMICONDUCTOR KYUSHU CORPORATION LTD.

/s/ Lewis V. Popovski (with permission)

Richard S. Gresalfi (NY #1972777)
Michelle Carniaux (NY #2596120)
Lewis V. Popovski (NY #2443489)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Phone:   212.425.7200
Fax:        212.425.5288
rgresalfi@kenyon.com
mcarniaux@kenyon.com
lpopovski@kenyon.com

Steven W. Quattlebaum (Ark. #84127)
QUATTLEBAUM, GROOMS, TULL &
BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Phone:   501.379.1700
quattlebaum@qgtb.com

***Attorneys for Defendants Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., and Sony Semiconductor Kyushu Corporation Ltd.***

NINTENDO OF AMERICA INC. AND NINTENDO CO.

/s/ Grant Kinsel (with permission)

Grant E. Kinsel (CA # 172407)
PERKINS COIE LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067
Tel:         310.788.9900
Fax:        310.788.3399
E-mail:   gkinsel@perkinscoie.com

        Marshall S. Ney
        MITCHELL, WILLIAMS, SELIG,
        GATES & WOODYARD, P.L.L.C.
        5414 Pinnacle Point Dr., Suite 500
        Rogers, AR
        Tel:     (479) 464-5653
        Fax:    (479) 464-5683
        E-Mail:  mney@mwlaw.com

***Attorneys for Nintendo of America Inc. and Nintendo Co.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 12th day of May, 2010.

Date:  May 12, 2010

By:  */s/ Timothy S. Teter*

Timothy S. Teter (CA #171451)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone:  (650) 843-5000
Fax:     (650) 857-0663
teterts@cooley.com