IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARED MEMORY GRAPHICS LLC,                              PLAINTIFF

V.                              CASE NO. 5:09CV5128 BSM

APPLE INC.; SAMSUNG ELECTRONICS CO.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR, LLC;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC;
NINTENDO OF AMERICA INC.; NINTENDO CO. LTD.;
SONY COMPUTER ENTERTAINMENT AMERICA INC.;
SONY CORPORATION; SONY COMPUTER
ENTERTAINMENT INC.;and SONY SEMICONDUCTOR
KYUSHU CORPORATION LTD.,                              DEFENDANTS

AMENDED ORDER

Defendants, Apple Inc., ("Apple"), Samsung Electronics Co., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America Inc., Samsung Telecommunications of America, LLC, (collectively "Samsung"), and Sony Computer Entertainment America Inc., Sony Corporation, Sony Computer Entertainment Inc., and Sony Semiconductor Kyushu Corporation Ltd., (collectively "Sony") move to transfer venue to the Northern District of California (Doc. No. 73). Plaintiff Shared Memory Graphics ("SMG") opposes the motion (Doc. No 142). Defendants replied to SMG's response (Doc. No. 145). Additional defendants, Nintendo of America Inc. and Nintendo Co. Ltd., did not formally join in the motion to transfer but do not object (Doc. No. 140). For the reasons stated below, defendants' motion to transfer is granted.

## I. BACKGROUND

SMG is a patent holding company incorporated in Arkansas.  Acacia Patent Acquisition Corporation ("Acacia") is SMG's corporate parent with its principal place of business in Newport Beach, California.  Alliance Semiconductor Corporation ("Alliance") is a patent holding company, incorporated in Delaware with its principal place of business in Santa Clara, California.  Defendants, Apple, Samsung, Sony, and Nintendo, are multinational corporations with offices in the United Sates and East Asia.

SMG was incorporated in Arkansas on May 13, 2009, and filed this lawsuit less than one month later, on June 2, 2009. Plaintiff's amended complaint ¶ 2 (Doc. No. 20).("Am. Compl."). SMG alleges that defendants have infringed and are infringing on two of its patents.  Am. Compl. ¶ 59-94.  SMG seeks damages and injunctive relief for the alleged infringements.  SMG also seeks enhanced damages against Sony, claiming that Sony's actions were willful.

Defendants now move to transfer venue to the Northern District of California.

## II. DISCUSSION

A district court may transfer any civil action to another district court for the convenience of the parties and witnesses.  28 U.S.C. § 1404(a).  To succeed on a motion to transfer, the moving party must show that venue is proper in both the transferor and transferee districts, and that transfer serves the convenience of the parties, convenience of witnesses, and interests of justice.  *Id.*  Courts, however, are not limited to these factors and

district courts enjoy wide discretion when determining whether to transfer. *Terra Int'l, Inc. v. Mississippi Chem Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In the interests of justice, the Eighth Circuit has endorsed consideration of judicial economy, the plaintiff's choice of forum, and the advantages of having a local court determine questions of law. *Id* at 696.

Deference is usually given to the plaintiff's choice of venue and the party seeking transfer has the burden of proving that transfer is warranted. *Id*. "Merely shifting the inconvenience from one side to the other is not a permissible reason for change of venue." *R&R Packaging, Inc., v. Gap Roofing, Inc.*, No. 06-5175, 2007 WL 162730, at *3 (W.D.Ark. Jan 18, 2007). The moving party must demonstrate that the relevant factors weigh strongly in its favor. *Austin v. Nestle USA, Inc.*, 2009 WL 5245633, at *7 (D.Minn 2009).

Before addressing the disputed issues regarding whether to transfer, it is first noted that there is no question that this case could have been brought in the Northern District of California. This is true because 28 U.S.C. § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

A.    Convenience of the Parties

The case specific factors support transferring this case to the Northern District of California. Indeed, litigating this case in the Northern District of California would significantly reduce the inconvenience to defendants and SMG for a number of reasons.

First, the most relevant and material stateside defendants have substantial facilities in the Northern District of California.  Second, relevant research, design, and technical activities take place in the Northern District of California.  Third, the majority of relevant documents and witnesses are also located there.  Fourth,  SMG's parent corporation and its principal place of business is located in Newport Beach, California, which is considerably closer to the Northern District of California than the Western District of Arkansas.

Convenience of the parties weighs in favor of transfer because the bulk of the relevant evidence normally comes from the accused infringer in patent infringement cases.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  Consequently, the location of defendants' witnesses and documents weighs heavily.  *Id*; *see In re Apple,* 602 F.3d 909, 914 (8th Cir. 2009).  The location of relevant party witnesses is important as a way to limit expenses associated with airfare, meals, lodging, and losses in employee productivity.  *Apple*, 602 F.3d at 913-914.  The location of relevant party documents is important because it provides important access to original sources of proof.  *Id.* at 914 (holding that "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation," the court will weigh this factor in favor of the physical location of the documents).

It is clear that the overwhelming majority of defendants' stateside facilities, documents, and witnesses are located in the Northern District of California.  Apple conducts research, design, development, marketing, sales, and distribution activities related to the

accused products at its headquarters in Cupertino, California.  Brent Batis Declaration (Doc. No. 73-15) ¶ 6. ("Batis Decl.").  Although its sales representatives visit Arkansas between four to eight times a year, Apple has no employees or relevant documents in the Western District of Arkansas. *Id.*

Of the five (5) Samsung defendants, the most relevant are Samsung Electronics Co., ("SEC") with its headquarters in Seoul, Korea, and Samsung Semiconductor, Inc., ("SSI") with its headquarters in San Jose, California.  Human Lee Declaration (Doc. No. 73-17) ¶ 6. ("Lee Decl.").  This is true because SEC manufactures the accused Samsung chipsets in Korea and then sells them to SSI in the Northern District of California.  *Id.*  SSI then sells the chipsets to Apple, who integrates them into its products in Cupertino, California.  *Id.* Neither of these Samsung entities have employees or relevant documents in the Western District of Arkansas.  *Id.*

Of the four (4) Sony defendants, the most relevant is Sony Computer Entertainment America, Inc. ("SCEA"), which is headquartered in Foster City, California.  Sally Buchanan Declaration (Doc. No. 73-18) ¶ 6-7. ("Buchanan Decl.")  SCEA markets and sells the accused products in the United States. *Id.* at ¶ 6-7.  Sony has three employees in the Western District of Arkansas, but maintains relevant documents and witnesses in the Northern District of California. *Id.*

Although Nintendo did not formally join this motion, it also agrees that the Northern District of California is more convenient.  Nintendo Co. Ltd and Nintendo of America Inc.'s

statement regarding SMG's opposition 1 (Doc. No. 140).

In total, defendants have already identified nine potential witnesses in the Northern District of California with relevant and material knowledge about technical aspects of the alleged infringement and the marketing, sells, and distribution of the accused products throughout the United States. Batis Decl. ¶ 3; Lee Decl. ¶ 13; Buchanan Decl. ¶ 7.

The Northern District of California is also more convenient for SMG because it is closer to its principal place of business in Newport Beach, California. *See Thornton Drilling Co. v. Stephens Production Co.,* 2006 WL 2583659, at *4 (E.D.Ark. Sept. 6, 2006)("Despite the fact that Plaintiff [] [has] obviously chosen to file suit here, it appears that it would be more convenient to both Plaintiff and Defendant to litigate in [the transferee district]"). Moreover, SMG's parent, Acacia, is also located in Newport Beach, California and it negotiated for and purchased the patents in question before assigning them to SMG. Testimony from witnesses associated with this purchase and assignment may prove relevant to this action.

Although SMG is incorporated in Arkansas, it had no role in the development of the patents involved in this case. *See Prism Technologies, LLC v. Verisign, Inc.,* 2008 WL 5111044, *5 (D. Neb. 2008). Further, the record does not indicate that SMG has any relevant employees or documents in the Western District of Arkansas.

SMG argues that transferring this case to the Northern District of California will help very little because the most relevant design and manufacturing documents are located outside

6

of the United States and will be shipped in.  SMG, however, fails to point out that Apple

performs significant research, design, and technical activities regarding the accused products

in the Northern District of California.  Moreover, all defendants maintain relevant documents

relating to marketing, distribution, and sales of the products in question in the Northern

District of California.

SMG also argues that venue in the Western District of Arkansas is appropriate

because defendants have initiated numerous patent suits in districts in and around the

Western District of Arkansas.  Although this is true, motions for transfer are decided on a

case-by case basis, *Terra Int'l,* 119 F.3d at 691, and "[e]ach case must be judged on its own

practicalities."  *Prism Technologies*, 2008 WL 5111044 at *5 (internal quotations omitted).

B.      Convenience of the Witnesses

The Northern District of California is more convenient for witnesses because the most

relevant non-party witnesses and documents are located there.  Further, it likely will not be

essential for testimony from Wal-Mart employees located in the Western District of Arkansas

to be presented live.

The convenience of the witnesses is generally considered the most important factor

when determining whether to grant a transfer.  *Biometics LLC. v. New Womyn, Inc.*, 112

F.Supp.2d 869, 876 (E.D. Mo. 2000).  In analyzing this factor, the availability of non-party

witnesses, their location, and the preference for live testimony as opposed to depositions, is

evaluated.  *R&R Packaging*, 2007 WL 162730, at *3.  The inability to subpoena non-party

witnesses is weighed very strongly.  *See Apple*, 602 F.3d at 914 (weighing factor in favor of transfer where one relevant non-party witnesses' principal place of business was in the transferee district).

The original inventor of the patents at issue herein, C.N. Reddy, and the original assignee of the patents, Alliance, are both located in the Northern District of California and have absolutely no connection to the Western District of Arkansas.  SMG argues that Reddy will voluntarily appear in the Western District of Arkansas; however, the Northern District of California's ability to compel witnesses provides that court with certainty that the witness will be available.  *See  Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F.Supp.2d 321, 333 (D.Del. 2009)(noting that non-party's agreement to voluntarily submit to the court's jurisdiction "is not the same as having them amenable to the subpoena power of the trial court").

Moreover, Acacia, the subsequent assignee of the patent and SMG parent, is located in Newport Beach, California, which is considerably closer to the Northern District of California than it is to the Western District of Arkansas.

Further, at least two of the prosecuting attorneys for the patents-in-suit are located in the Northern District of California.  SMG argues that testimony from prosecuting attorneys is not relevant; however, in response to Nintendo's motion for summary judgment for invalidity, SMG cites to errors made by the prosecuting attorney in the Northern District of California.  Doc. No. 142, at 13-14.  This indicates that, notwithstanding its position herein,

8

the prosecuting attorneys may have  relevant testimony.

Other witnesses who will testify about prior art references are also located in the Northern District of California.  SMG argues that these prior art references were made during a patent prosecution and are probably irrelevant because the United States Patent Trade Office has already decided that issue and its decision is presumptively valid.  When prior art is offered to attack the validity of a patent, however, "[a]ll evidence bearing on the validity issue, whether considered by the [Patent Trade Office] or not, is to be taken into account by the tribunal in which validity is attacked." *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1360 (Fed. Cir. 1984).  For this reason, these witnesses might have relevant information.

The convenience of travel for Nintendo's employees in its Redmond, Washington, facility also weighs in favor of transfer to the Northern District of California.  Although most of Nintendo's design and manufacturing activities take place in East Asia, Nintendo acknowledges that some employees of its independent non-party subsidiary, Nintendo Technology Development, Inc. are located in Redmond, Washington, and have some design responsibilities for certain components at issue.  Discovery statement of Nintendo, attached as exhibit B to SMG's response in opposition to motion to transfer (Doc. No. 142).

SMG argues that the most relevant non-party witnesses and documents located in the United States are Wal-Mart sales representatives and Wal-Mart's extensive product tracking database located in Bentonville, Arkansas.  This case, however, centers around whether the

accused products infringe on the patents-in-suit, and the most relevant and material stateside activities surrounding these issues are all performed in the Northern District of California. *See Biometics,* 112 F.Supp.2d at 876 (ordering transfer where plaintiff filed case in district where purchasers of the accused products resided).  Although Wal-Mart purchases these products in the Western District of Arkansas, Wal-Mart's witnesses will not likely testify about whether these products infringe on the patents in suit.  *See Id.*

C.      Interest of Justice

The parties have rased the following concerns relating to the interests of justice: (1) judicial economy, (2)  SMG's choice of forum, and (3) localized issues involved in the dispute.

### 1. Judicial Economy

SMG argues that venue is appropriate in the Western District of Arkansas because cases go to trial two times faster here than in the Northern District of California.  SMG cites to 2008 judicial statistics indicating that the median time to trial in the Western District of Arkansas is 12.5 months, while it is 32 months in the Northern District of California.  Docket speed, however, does not overcome all of the other factors weighing in favor of transfer. *See Apple*, 602 F.3d at 915.

### 2. Plaintiff's Choice of Forum

Although plaintiff's choice of forum should receive deference, it is assigned less weight when the operative events giving rise to the lawsuit took place in a forum other than

that chosen by plaintiff.  *Wilson v. United States*, 2006 WL 34318985, at *4 (E.D.Ark. Nov.

28, 2006); *Apple*, 602 F.3d 909 (transferring case where conduct complained of had no

connection to the plaintiff's forum in the Western District of Arkansas).  "While the sale of

an accused product offered nationwide does not give rise to a substantial interests in any

single venue, if there are significant connections between a particular venue and the events

that give rise to a suit, this factor should be weighed in that venue's favor."  *In re Hoffman-

LaRoche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *In re TS Tech Corp.*, 551 F.3d 1315,

1321 (Fed. Cir. 2008) (transferring case where the only connection to the plaintiff's choice

of forum was defendant's sale of accused products in the district).

 The only connection this case has to the Western District of Arkansas is that

defendants sold the products in question to Wal-Mart and Sam's Club stores in Bentonville,

Arkansas, for nationwide distribution and SMG's incorporation in Arkansas three weeks

before filing suit.  Defendants' sale of these products in this district does not defeat

defendants' motion to transfer.  *See Hoffman,*  587 F.3d at 1338; *TS Tech Corp.*, 551 F.3d

at 321.  Wal-Mart purchases the accused products from defendants and re-sells them to

customers nationwide through traditional retail stores and online.  As a result, the Western

District of Arkansas has "no more or less meaningful connection to this case than any other

venue."  *TS Tech Corp.*, 551 F.3d at 1321.  At its core, this case concerns a dispute over

patents and its focus should be on the plaintiff and defendant. *See Teleconference Sys.*, 2009

WL 4349446, at *8-9 (holding that the focus must remain on the alleged infringement of

11

plaintiff's patent).

Further, SMG's incorporation in Arkansas just twenty days before filing this lawsuit does not help SMG because it has the appearance of forum shopping.  Indeed, defendants point to other instances where courts have transferred cases involving Acacia subsidiaries because of suspicions of forum shopping.  *Refined Recommendations Corp., v. Netflix, Inc.*, No. 07-4981, 2008 WL 474106, at *5 (D.N.J. Feb. 15, 2008); *Broadcast Data Retrieval Corp., v. Sirius Satellite Radio Inc.*, 79 U.S.P.Q.2d (BNA) 1603, 1605-06, 2006 WL 1582091, at *3 (C.D.Cal. 2006)(holding that it appeared that Acacia's actions were nothing more than an elaborate scheme to forum shop).

### *3. Localized Interests*

Localized interests are not a factor because this is a patent case and is governed by federal law.  If there are any localized interests, they are only slight.

### III. CONCLUSION

For the reasons stated above, defendants' motion to transfer (Doc. No. 73) is granted and this action is transferred to the Northern District of California as it relates to all parties and all issues.

IT IS SO ORDERED this 28th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE